**Valladares, Recurrente, v. El Registrador de San Juan, Sección 1ª., Recurrido.**

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de una escritura de agrupación de fincas.

No. 235.—Resuelto en julio 24, 1915.

Agrupación de Fincas—Parcelas con Cabida Indeterminada—Inscripción en el Registro.—Cuando se trata de agrupación de dos fincas, una de ellas con

cabida conocida en el registro y la de la otra sin conocerse, con la particularidad de haberse segregado parcelas con cabida determinada, es preciso saber cuál es la cabida que queda a la finca de que se han segregado las parcelas, para así poder apreciar si la cabida que se da a la nueva finca formada por la agrupación se ajusta o nó a la verdad y realidad de los hechos y a los asientos del registro.

ID.—DIFERENCIA EN CUANTO A LA MEDIDA SUPERFICIAL DE LA FINCA AGRUPADA.— Cuando en la escritura de agrupación se afirma por el recurrente que la nueva finca tiene una cabida determinada, por habérselo dicho un ingeniero perito en la materia, mientras que el registrador sostiene en su nota que esa cabida está equivocada, porque hecho el cálculo correspondiente con sujeción a las medidas de los lados consignadas en la descripción, sólo se obtiene una cabida inferior a la que se atribuye a la nueva finca, no es el Tribunal Supremo el llamado a decidir cual es la parte equivocada, si el registrador o el recurrente, sino que éste, si desea inscribir la medida superficial exacta de la finca agrupada, está en el deber de presentar al registrador certificación exacta de la mensura expedida por perito competente.

ID.—CAUSA PARA VERIFICAR LA AGRUPACIÓN—CONVENIENCIA O VOLUNTAD DEL DUEÑO.—No existe en la Ley Hipotecaria ni en su Reglamento precepto alguno que exija causa para verificar la agrupación de fincas. Basta la conveniencia o la voluntad del dueño, siempre que llene los requisitos necesarios para que mediante la reunión o aglomeración territorial de diferentes inmuebles o raices inscritos con números diferentes pueda constituirse una sola finca.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Frank Antonsanti.*

El registrador sustituto recurrido, Sr. Emigdio S. Ginorio, compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de agrupación de fincas No. 9 otorgada en esta ciudad de San Juan a 26 de abril del corriente año 1915 ante el notario Frank Antonsanti Capó, hizo constar doña Mariana Valladares Colón, viuda de Hoaré, que era dueña de un solar radicado en el barrio de Santurce de esta ciudad con superficie de 681 metros 25 centímetros cuadrados, y de otro solar con casa habitación en el propio barrio de Santurce, con 18 varas de frente a la carretera y su fondo hasta llegar al mar por la parte Sur, sin que se exprese su cabida, ambos solares inscritos en el registro de la propiedad; que del segundo solar había cedido al ferrocarril de circunvalación dos parcelas a ambos lados de la vía, de 83 metros 25 cen-

tímetros cuadrados y 236 metros, cuarenta centímetros cuadrados, respectivamente, inscritas ambas en el registro; que también había vendido del mismo a la American Railroad Company of Porto Rico una parcela de 7,794 metros 67 centímetros también inscrita en el registro; que igualmente hizo venta de otro pedazo de terreno del propio solar con superficie de 4000 metros 41 decímetros cuadrados (sic), sin que se exprese que tal venta ha sido inscrita en el registro; y que las dos parcelas de que actualmente era dueña estaban unidas y formaban un solo cuerpo por lo que había resuelto agruparlas como las agrupaba, para que se inscribieran en el registro de la propiedad bajo un solo número y como una sola finca en la forma siguiente:

"Parcela de terreno en el barrio de Santurce, término municipal de San Juan, compuesta de treinta y cinco mil metros cuadrados y una casa de madera techada de zinc; dicho solar colinda por el Norte con la carretera y vía del tranvía eléctrico, por donde mide veinte y cinco metros; por el Este colinda con terrenos y casa de Salvador Suau en cuatrocientos ochenta metros y con Trueba y Olivas en noventa y siete metros con tres décimos; por el Sud, cuarenta y dos metros con diez décimos, con solar de los señores Truebas y Olivas; y en cuarenta y cuatro metros con una calle en proyecto que la separa de la vía de la American Railroad Company of Porto Rico; por el Oeste con una calle en proyecto que la separa de terreno de la Sucesión Hernández, en una distancia de cuatrocientos, sesenta y cinco metros ochenta y cinco centésimas, y tambien por este costado con solar del Doctor Francisco Goenaga y solar de María Enriqueta Hoaré y Valladares, en una extensión entre ambos solares, de cien metros."

Presentada en el Registro de la Propiedad de San Juan, Sección 1ª., para su inscripción, el anterior documento, el registrador la denegó por medio de nota que a la letra dice así:

"Denegada la inscripción del anterior documento por los defectos insubsanables siguientes: *Primero.* Porque no habiendose hecho la segregación de cuatro mil metros cuarenta y un decímetros cuadrados que expresa el título, y no constando del registro la cabida de

la finca de la que aquella debe efectuarse, no puede conocerse el número de metros que como resto de la misma finca pueda ser objeto de la agrupación. *Segundo.* Porque la cabida de treinta y cinco mil metros que se dá a la finca resultante de la agrupación parece estar equivocada, por cuanto, hecho el correspondiente cálculo con arreglo a las medidas de los lados consignadas en la descripción, arroja sólo una cabida, salvo error u omisión, de treinta y un mil setecientos catorce metros noventa y dos centímetros cuadrados, inferior en tres mil doscientos ochenta y seis metros a la atribuída a la finca agrupada. *Tercero.* Porque no se describe el resto que se ha querido agrupar de la finca descrita en segundo lugar en el documento, y *Cuarto.* Porque no existe causa que haga necesaria la agrupación que se efectúa para quedar el inmueble inscrito a favor de la misma dueña de las fincas que lo constituyen. Se ha extendido la anotación preventiva correspondiente por cuatro meses, al folio 113 del Tomo 15 de Santurce Sud, finca 555, anotación letra A. San Juan, mayo 27 de 1915. El Registrador Sustituto. Emigdio S. Ginorio."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por doña Mariana Valladares viuda de Hoaré.

Opinamos que la nota recurrida se sostiene por los tres primeros motivos que en ella se consignan, pero no por el cuarto.

Si del registro no aparece haberse hecho del segundo solar de que se deja hecho mérito, la segregación de los 4,000 metros 41 decímetros cuadrados (sic) vendidos a Truebas y Oliva, y tampoco consta del registro la cabida de dicho solar, resulta desconocido el número de metros que de dicho solar quedan después de verificada tanto esa segregación como las de las dos parcelas cedidas al ferrocarril de circunvalación y la de la otra parcela vendida a la American Railroad Company of Porto Rico.

Y al registrador importaba saber cuál era el número de metros que quedaba del segundo solar después de verificadas las segregaciones a que se refiere la escritura de 26 de abril del corriente año, para poder determinar si ese resto de metros sumado a los 681 metros 25 centímetros del primer solar

dan o no la superficie de 35,000 metros cuadrados que afirma la recurrente ser la cabida de la finca agrupada.

Tratándose como se trata en el presente caso de una escritura de agrupación de fincas, una de ellas con cabida conocida en el registro, y la otra sin conocerse, con la particularidad de haberse segregado parcelas con cabida determinada, se hace preciso saber cual es la cabida que queda a la finca de que se han segregado las parcelas, para así poder apreciar si la cabida que se da a la nueva finca formada por la agrupación, se ajusta o nó a la verdad y realidad de los hechos y a los asientos del registro.

Se afirma en la escritura cuya inscripción ha sido denegada que la nueva finca formada por agrupación tiene una cabida de 35,000 metros cuadrados mientras que el registrador sostiene que esa cabida parece estar equivocada, pues hecho el cálculo correspondiente con sujeción a las medidas de los lados consignadas en la descripción, sólo se obtiene una cabida, salvo error u omisión, de 31,714 metros 92 centímetros cuadrados, inferior en 3,286 metros a la que se atribuye a la nueva finca.

Contra esa afirmación del registrador manifiesta la recurrente en su alegato que persona perita en la materia como lo es un ingeniero le ha dicho que dentro del perímetro marcado en la escritura existe el número de metros que en ella se consigna.  Este tribunal no es el llamado a definir cuál es la parte equivocada, si el registrador o la recurrente; pero opinamos que si la interesada deseaba inscribir la medida superficial exacta de la finca agrupada, estaba en el deber de presentar al registrador certificación exacta de la mensura, expedida por perito competente.

La descripción del resto que quedara del segundo solar después de segregadas las parcelas del mismo que dejaron de pertenecer a doña Mariana Valladares ha debido hacerse en la escritura ya que no constaba del registro, para su debida identificación.

En cuanto al último motivo de la nota recurrida no existe en la Ley Hipotecaria ni en su reglamento, precepto alguno que exija causa para verificar la agrupaciónn de fincas.    Basta la conveniencia o la volunntad del dueño siempre que llene los requisitos necesarios para que mediante la reunión o aglomeración territorial de diferentes inmuebles o raíces inscritos con número distinto pueda constituirse una sola finca.

Por las razones expuestas es de confirmarse la nota recurrida, menos en la parte relativa al cuarto motivo que le sirve de fundamento.

> *Confirmada la nota recurrida menos en la parte relativa al cuarto· motivo.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.