## Cobb *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Cáguas.

No. 5.—Resuelto en abril 1, 1907.

Inscripciones—Identidad de las Fincas—Diferencias de Cabida.—Las diferencias de poca importancia que se adviertan en la cabida de las fincas, entre lo que resulte de los asientos del registro y lo que aparezca de los documentos que se presenten para su inscripción, no son bastantes para negar la identidad de las fincas, especialmente cuando en los linderos no haya diferencia alguna. Los registradores deben hacer constar en el registro la diferencia de cabida en la forma que determina el reglamento.

Id.—Abono de Diferencia en el Precio de Venta, Después de la Inscripción.—
    Habiéndose convenido por los otorgantes de la escritura de compra-venta á
    que se refiere el presente recurso, que si, después de practicada la mensura de
    las fincas vendidas, resultara alguna diferencia de mas ó de menos en su
    cabida, se abonaría por el comprador ó vendedor respectivamente, al tipo
    fijado en la misma escritura, es evidente que la diferencia que ha resultado
    á favor del vendedor, en la mensura de una de las fincas vendidas, y que se
    ha hecho constar por las partes en una escritura adicional á la de compra-
    venta, debe estimarse su valor como parte del precio convenido y hacerse
    constar su pago en el registro de la propiedad, de acuerdo con el artículo ·
    16 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Hernández Usera.*

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

Visto el presente recurso gubernativo interpuesto por Mr. John B. Cobb, contra nota denegatoria del Registrador de la Propiedad de Cáguas, á inscribir una escritura de compra-venta.

*Rsultando:* que por escritura pública otorgada en esta ciudad ante el abogado y notario de la misma Don Herminio Díaz Navarro, en 29 de junio de 1906, Don Ramón Amer y Vicens por sí, y como apoderado de su esposa Doña Cristina Salas y Estrada, según el que le confiriera en Juncos ante el notario Don Lorenzo Giménez García en primero de septiembre de 1904, con facultades expresas para vender los bienes de la propiedad de la otorgante, vendió real y efectivamente á Mr. John B. Cobb, propietario y vecino de la ciudad de New York, por conducto de su apoderado especial en esta Isla, Don Luis Toro Pasarell, trece fincas rústicas de la propiedad de su esposa Doña Cristina Salas y Estrada, entre ellas, una de ciento veinte cuerdas de extensión superficial, radicada en el barrio de "Hato Nuevo," del término municipal de Gurabo, á razón de $90.91 la cuerda, ó sea en junto por la suma de 27,384 dollars, 81 centavos, que el vendedor recibió en el acto del otorgamiento de la escritura, y bajo la condición expresa de que "si verificada la mensura de las fincas vendidas por el técnico del comprador, dentro de un plazo que no excedería

de seis meses, resultasen con menos cabida de aquélla bajo la que se había efectuado el contrato, devolvería la vendedora Doña Cristina Salas al comprador el importe de lo que faltara, á razón de 90 dollars 91 centavos la cuerda, y por el contrario, si resultasen con mayor extensión, le satisfaría el comprador al mismo tipo el exceso;'' cuya escritura se inscribió sin dificultad alguna en el Registro de la Propiedad de Cáguas.

*Resultando:* que habiéndose hecho constar posteriormente por las mismas partes, en otra escritura otorgada en esta capital, ante el abogado y notario de la misma, Don José Hernández Usera, en 15 de octubre del año próximo pasado, que practicada sin objeción alguna por las partes la mensura de las fincas rústicas vendidas, por el agrimensor Sr. Rodríguez López, había resultado la de ciento veinte cuerdas con una cabida de ciento cuarenta y siete cuerdas noventa y tres centavos ó sea con una diferencia de veinte y siete cuerdas noventa y tres centavos demás, cuyo valor de dos mil quinientos treinta y nueve dollars doce centavos, al precio convenido de noventa dollars noventa y un centavos la cuerda, lo había recibido el vendedor de manos del comprador Don Luis Toro Pasarell, á la presencia del notario otorgante, lo hacían constar así en la expresada escritura que querían se tuviera como adicional y parte integrante de la anterior de 29 de junio del mismo año, para que tales aclaraciones se hicieran constar en el registro de la propiedad en las inscripciones correspondientes; y que presentado dicho documento en el Registro de la Propiedad de Cáguas para su inscripción, la denegó el registrador por los motivos que expresa la nota puesta al pie del mismo documento, la que, copiada á la letra, dice así:

''No admitida la nota marginal en cuanto á la finca de ciento veinte cuerdas, que se describe en el precedente documento, por observar que la cantidad de $2,539.12; que aparece satisfecha por Don Luis Toro Pasarell á Don Ramón Amer y Vicens, ni consta del título inscrito, ni de la inscripción correspondiente que sea precio aplazado del contrato de compra-venta á que se refiere dicha inscripción, ni resulta

tampoco del registro, que se hayan inscrito, ni se hayan tratado de inscribir las veinte y siete cuerdas noventa y tres centavos que constituye la diferencia de cabida, que resulta del registro con la recientemente mensurada; habiéndose extendido en su lugar anotación marginal preventiva por ciento veinte días, al margen de la inscripción quinta, de la finca doscientos setenta y dos duplicado, al fólio 148 del tomo 9 de Gurabo, con el defecto además subsanable de no constar debidamente acreditado el carácter de apoderado de su esposa Doña Cristina Salas Estrada, que ostenta Don Ramón Amell y Vicens.— Cáguas, 1º. de noviembre de 1906.''

*Resultando:* Que contra esa nota ha interpuesto en tiempo el abogado Don José Hernández Usera, á nombre de Mr. John B. Cobb, el presente recurso gubernativo, para que se revoque y se ordene al registrador la inscripción de la escritura ó nota marginal correspondiente.

*Considerando:* que es punto resuelto por diferentes resoluciones de la dirección general de los registros de la propiedad, que las diferencias de poca importancia que se advierten en la cabida de las fincas entre lo que resulte de los asientos del registro y lo que aparezca de los documentos que se presenten para su inscripción no son bastantes para negar la identidad de las fincas, máxime cuando en los linderos no hay ninguna diferencia, y debe el registrador hacerlas constar en el registro, en la forma que determina el reglamento.

*Considerando:* que habiéndose convenido en la escritura principal de 29 de junio del año próximo pasado, que se practicaría, dentro de un término que no podría exceder de seis meses, por un perito de nombramiento del comprador, una mensura de las fincas vendidas, y que la diferencia que resultara de más ó de menos en la cabida de las fincas, se abonaría por el comprador ó por el vendedor, respectivamente, según los casos, á razón de 90 dollars 91 centavos la cuerda, del precio convenido en la escritura, es evidente que la diferencia de 27 cuerdas 93 céntimos de otra, que resultó en la mensura de una de las fincas vendidas, y que elevó el precio de la misma á la suma de 2,539 dollars 12 centavos de más, esta diferencia debe estimarse como parte del precio convenido y hacerse

constar su pago en el registro de la propiedad, en la forma que determina el artículo 16 de la Ley Hipotecaria.

*Vistos* los preceptos legales citados y las resoluciones de la dirección general de los registros de la propiedad de 9 de noviembre de 1877, 8 de julio de 1878, 21 de mayo de 1881 y 8 de marzo de 1898.

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Cáguas al pie de la escritura de que se trata en el presente recurso, y devuélvasele con los demás documentos presentados y una copia certificada de la presente resolución, para que proceda á inscribir dicha escritura en el registro de la propiedad por medio de nota marginal ó en la' forma que corresponda con arreglo á derecho.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras, Mac-Leary y Wolf.