DELGADO, RECURRENTE, v. EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo denegatoria de la inscripción de una escritura para rectificar una inscripción.

No. 486.—Resuelto en julio 23, 1921.

IDENTIDAD DE LAS FINCAS—CABIDA DE LAS FINCAS—RECTIFICACIÓN DE LA CABIDA DE FINCAS A PETICIÓN DEL DUEÑO—CERTIFICACIÓN DE MENSURA.—Un exceso de 6 cuerdas demostrado por la mensura de una finca que aparece inscrita con cabida de 51 cuerdas, por su poca importancia, no es bastante para negar la identidad de la finca; y ·es documento suficiente para obtener la rectificación una escritura pública en que el interesado la solicita exponiendo el hecho de la mensura, sin que sea requisito indispensable el acompañar la certificación de mensura practicada con citación de colindantes.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. V. Polanco de Jesús.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública otorgada en el pueblo de Ciales a 2 de diciembre de 1920 ante el notario Valentín Polanco de Jesús, hizo constar Manuel Delgado Toledo que por otra escritura otorgada en 12 de agosto del propio año ante el propio notario, compró a los esposos´José Peraza Betancourt y María Rivera la siguiente finca:

"Rústica situada en el barrio Hato Viejo término de Ciales, compuesta de 55 cuerdas, igual a 21 hectáreas, 68 áreas, 71 centiáreas de terreno, conteniendo una casa vivienda de altos y bajos, colindando por el Norte, con parte de la finca de que fué segregación, o sean terrenos de los vendedores y Lorenzo Casanova; por el Sur,

con tierras de Eulogio Perales; Saliente, los mismos vendedores; y al Poniente, Francisco Trinidad y Miguel Soto, inscrita al folio 115 del tomo 52 de Ciales, finca No. 2471."

Y agrega en el mismo documento Delgado Toledo que habiendo practicado una mensura de dicha finca para cerciorarse de su cabida exacta, con citación de los propietarios colindantes y del mismo vendedor, resultó tener 61 cuerdas, o sea, un exceso de 6 cuerdas, por lo que desea que el registrador de la propiedad rectifique la descripción de la finca en la siguiente forma:

"Rústica situada en el barrio Hato Viejo, término de Ciales, compuesta de 61 cuerdas, igual a 23 hectáreas, 97 áreas, 53 centiáreas de terreno, conteniendo una casa vivienda de altos y bajos, colindando por el Norte con parte de la finca de que fué segregación y Lorenzo Casanova; por el Sur, con tierras de don Eulogio Perales; Saliente, más terrenos de los vendedores, o sea la finca de que fué segregación; y al Poniente, con Francisco Trinidad y Miguel Soto."

El anterior documento fué presentado al Registrador de la Propiedad de Arecibo para que se hiciera la rectificación deseada y el registrador la denegó por medio de nota de 20 de diciembre de 1920 que dice así:

"Denegada la rectificación que se interesa en el precedente documento por no demostrarse de modo concluyente que en la primera medición de la finca se padeciera un error involuntario (Resolución 22 noviembre 1893), no suministrando esa prueba la simple manifestación del interesado (Resolución 30 noviembre 1910) de que se practicó una mensura con citación de los propietarios de los predios colindantes y del vendedor, pues ni éstos concurren al otorgamiento de la escritura (Resolución 23 noviembre 1893) ni siquiera el agrimensor, circunstancias tanto más necesarias cuanto que la finca de que se trata se disgregó recientemente de otras dos, tomando en su lugar anotación preventiva por 120 días al folio 115 vuelto, tomo 62 de Ciales, finca número 2471, anotación 'A'."

Esa nota ha sido recurrida para ante esta Corte Suprema.

No hay duda alguna sobre la identidad de la finca de que se trata, y la única cuestión a resolver es si procede la rec-

tificación de su cabida en el registro en vista de las manifestaciones hechas por el recurrente en el documento público de 2 de diciembre de 1920.

Al resolver el caso de *Cobb* v. *El Registrador de la Propiedad,* 12 D. P. R. 218, dijimos que ''es punto resuelto por diferentes resoluciones de la Dirección General de los Registros de la Propiedad, que las diferencias de poca importancia que se advierten en la cabida de las fincas entre lo que resulte de los asientos del registro y lo que aparezca de los documentos que se presenten para su inscripción, no son bastantes para negar la identidad de la finca, máxime cuando en los linderos no hay ninguna diferencia, y debe el registrador hacerlas constar en el registro en la forma que determina el reglamento.''

Posteriormente, bajo la anterior teoría, resolvimos el caso de *Figueroa* v. *El Registrador de Arecibo,* 22 D. P. R. 657, aunque con el voto disidente de uno de los Jueces Asociados.

En la decisión de *Cobb* v. *El Registrador, supra,* citamos la de la Dirección General de los Registros de la Propiedad de 9 de noviembre de 1877, expresiva de que deben inscribirse las fincas comprendidas en una escritura, que aparecen con medida superficial distinta de la que resulta de los antiguos libros, cuándo esta diferencia es escasa; y escasa es en el presente caso pues sólo es de seis cuerdas y no llega por tanto a un diez por ciento.

Y no importa que no fuera presentada al registro la certificación de mensura practicada con citación del vendedor y de los colindantes, pues precisamente ese fué el punto de disidencia en el caso de *Figueroa* v. *El Registrador de Arecibo, supra,* que no sostuvo la mayoría del tribunal.

Y no hay perjuicio de tercero en la rectificación pedida, pues del registro aparecería que la rectificación se practica en vista de las manifestaciones de Manuel Delgado Toledo y al adquirir un tercero cualquier derecho real en la finca puede exigir al vendedor lo que conduzca a la seguridad de

su derecho sobre la cabida de la finca si alguna duda tuviere sobre ella.

Las resoluciones de 22 de noviembre de 1893 y 30 de noviembre de 1910 que invoca el registrador, pues la de 23 de noviembre de 1893 no la hemos encontrado, no son aplicables al presente caso, en atención a que las diferencias de cabida a que se refieren aquellas decisiones podían afectar a la identidad del inmueble por la importancia del exceso.

Es de revocarse la nota recurrida y ordenarse la rectificación solicitada en la forma que proceda en derecho.

> *Revocada la nota recurrida y ordenada la rectificación solicitada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado del Toro disintió.