PEDRO SÁNCHEZ SALAZAR, recurrente, *v.* EL REGISTRADOR DE ARECIBO, recurrido.

No. 640.—*Sometido:* Mayo 26, 1926. *Resuelto:* Junio 9, 1926.

VENDEDOR Y COMPRADOR—REQUISITOS Y VALIDEZ DEL CONTRATO—CONTRATO CONSIGNADO EN ESCRITURA PÚBLICA—INSCRIPCIÓN.—Cuando segregada y vendida una parcela do terreno y mensurada aquella resulta un aumento de la cabida de la finca inscrita la venta y traspaso del exceso resultante de dicha mensura por una causa adicional y substancial, buena y válida es inscribible, sin consideración alguna de superficie, relativa o no, excepto en tanto en cuanto está limitada por la finca original de mayor cabida.

NOTA de *E. Ginorio,* R. (Arecibo), denegando inscripción en cuanto a un exceso de cabida en finca segregada y vendida al recurrente. *Revocada.*

*José E. Díaz,* abogado del recurrente; el registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En julio 1924 Rafael Gandía Córdova como dueño de ciento setenta y nueve cuerdas de terreno colindantes al Norte con la carretera que va de Manatí a Vega Baja, y debidamente inscritas en el registro de la propiedad, segregó y vendió a don Pedro Sánchez Salazar una parcela que se describe como sigue:

"RÚSTICA, sita en el barrio de Río Arriba Saliente, del término municipal de Manatí, compuesta de treinta metros de frente por cincuenta metros de fondo o sean un mil quinientos metros cuadrados, de terreno llano a pastos. Linda por el Sur y Este con la finca

principal de la cual se disgrega; por el Norte, con la carretera que de Manatí conduce a Vega Baja y por el Oeste, con la finca principal, separada por un camino."

Otra escritura de traspaso otorgada por el mismo vendedor en marzo de 1926, después de narrar los anteriores hechos, dice así:

"II.—Que el día dieciséis de marzo de mil novecientos veintiséis, por don Osmín Roques, Agrimensor Público, fué mensurada la finca descrita anteriormente y ésta encierra dentro de sus colindancias y linderos, cincuenta metros por el Norte; treintidós metros cuarenta centímetros por el Este; cincuenta metros por el Sur y cincuenticinco metros veinte centímetros por el Oeste, o sea una superficie de 2119 metros cuadrados.

"III.—Que con el fin de hacer constar la exacta cabida de la finca indicada y que fué disgregación de otra de mayor cabida, otorgan, que don Rafael Gandía, por virtud de la presente, vende a don Pedro Sánchez Salazar, los seiscientos diecinueve metros que resultan de aumento en la cabida de la finca descrita, al practicarse su mensura y dentro de sus colindancias y linderos, queriendo y consintiendo que en el Registro de la Propiedad se haga constar que dicho predio actualmente consta de una medida superficial de dos mil ciento diecinueve metros cuadrados.

"IV.—Declara don Rafael Gandía, haber recibido, antes del acto, del señor Sánchez Salazar, la suma de setenticinco dólares, por el valor de los seiscientos diecinueve metros mencionados y por ella le otorga carta de pago en forma."

La nota del registrador, en tanto en cuanto es pertinente a cualquier cuestión aquí envuelta, dice así:

"Inscrito el precedente documento, en cuanto a 300 metros de la finca objeto del mismo, que incluye el 20% de la cabida que resulta del Registro, y denegada la inscripción respecto de la diferencia de 319 metros por exceder de dicho 20%, tomándose en su lugar. . . . ."

En apoyo de esta decisión se nos citan los casos de *Delgado* v. *Registrador,* 29 D.P.R. 867; *Chiqués* v. *Registrador,* 26 D.P.R. 750; *Figueroa* v. *Registrador,* 22 D.P.R. 657, y *Cobb* v. *Registrador,* 12 D.P.R. 218.

Ninguno de los casos citados parece ir tan lejos como ahora se pretende.

Tenemos ante nosotros un supuesto aumento en superficie resultante de una agrupación *ex parte* de varias parcelas separadas hecha por el dueño según el registro, o de una mera mensura del terreno por el comprador del mismo, previo aviso a su vendedor y a los colindantes.

En el presente caso no existen colindantes cuyos derechos sea necesario considerar. La colindancia Norte de ambas propiedades está definidamente fijada por un camino público. Las únicas partes interesadas son las partes comparecientes en los dos instrumentos notariales en cuestión. El último de estos dos documentos no es simplemente una ratificación de la mensura hecha por el comprador ni tampoco un mero consentimiento formal a la propuesta modificación de la descripción contenida en la anterior escritura y en el registro de la propiedad. Es una venta y traspaso del exceso o sobrante resultante de dicha mensura y dicha venta se hace por una causa adicional y substancial, así como buena y válida.

Tal escritura parece ser inscribible sin consideración a cuestión alguna de superficie, relativa o no, excepto en tanto en cuanto está limitada por la superficie de la finca original de mayor cabida.

*La nota recurrida debe ser revocada.*