JUAN A. MURIENTE GIL DE LAMADRID, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 922.—*Sometido:* Junio 2, 1934. *Resuelto:* Julio 18, 1934.

*L. Ríos Algarín,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El dueño de tres pequeños predios urbanos con una cabida total de 119.19 metros cuadrados, según sus títulos, agrupó los mismos a fin de formar una sola parcela que se alegaba se componía de 137.17 metros cuadrados. El registrador de la propiedad inscribió el documento en lo que a los 119.19 metros cuadrados se refería, pero se negó a inscribir el exceso de 18 metros cuadrados, por no aparecer que se hubiese

practicado una mensura por un perito en la materia; porque el hecho de la mensura no había sido establecido satisfactoriamente; y porque no se había obtenido el consentimiento de los propietarios colindantes ni el de los anteriores dueños de los predios en cuestión.

En el caso de *Cobb* v. *Registrador,* 12 D.P.R. 218, 221, los comparecientes en una escritura de enajenación estipularon "que se practicaría, dentro de un término que no podría exceder de seis meses, por un perito de nombramiento del comprador, una mensura de las fincas vendidas, y que la diferencia que resultara de más o de menos en la cabida de las fincas, se abonaría por el comprador o por el vendedor, respectivamente, según los casos, a razón de 90 dollars 91 centavos la cuerda, el precio convenido en la escritura." La escritura especificaba 120 cuerdas. Una mensura posterior demostró que la cabida era 147.93 cuerdas. El comprador entonces pagó por el exceso de 27.93 cuerdas a razón de $90.91 por cuerda. Este hecho, sin más, era prueba convincente de la existencia del área adicional dentro de los límites establecidos. Esta Corte resolvió, según se hace constar en el sumario, que: "Las diferencias de poca importancia que se adviertan en la cabida de las fincas, entre lo que resulte de los asientos del registro y lo que aparezca de los documentos que se presenten para su inscripción, no son bastantes para negar la identidad de las fincas, *especialmente cuando en los linderos no haya diferencia alguna.* Los registradores deben hacer constar en el registro la diferencia de cabida en la forma que determina el reglamento." (Bastardillas nuestras)

En *Figueroa* v. *El Registrador,* 22 D.P.R. 657, los hechos, conforme se exponen en la opinión emitida por este tribunal, fueron los siguientes:

"En una escritura que fué presentada al Registrador de la Propiedad de Arecibo para su inscripción fueron agrupadas seis porciones de terreno colindantes entre sí formando una sola finca 'compuesta según los títulos de adquisición de 198 cuerdas y media, equivalentes

a 78 hectáreas, 41 áreas, 84 centiáreas, y según mensura practicada últimamente por el geómetra Señor Arturo Hiráu, con citación de los dueños de los predios colindantes, su exacta medida superficial es la de 212 cuerdas, equivalentes a 83 hectáreas, 32 áreas, 50 centiáreas de terreno llano y quebrado a pastos y con plantaciones de café, plátanos y cañas de azúcar.' En la escritura se consigna además que 'de las expresadas 212 cuerdas de terreno 177 están enclavadas en el barrio Aibonito y 35 en el de Campo Alegre,' descrita en su totalidad en la forma ordinaria por sus linderos. La nota del registrador en lo que respecta a la cuestión envuelta en este caso se expresa como sigue:

" 'Hecha la agrupación que comprende este documento sólo en cuanto a la cabida de ciento noventa y ocho cuerdas cincuenta céntimos, al folio 26 del tomo 34 de Hatillo, finca número 1784, inscripción 1ª., y denegada la inscripción en cuanto al resto de trece cuerdas cincuenta céntimos de su cabida total, por no aparecer registrada a favor de Don Sebastián Figueroa Colón ni al de otra persona.' "

El Juez Asociado Sr. del Toro, en una opinión disidente corta, dijo:

"Opino que debe confirmarse la nota recurrida. La jurisprudencia sobre la materia admite que en casos de esta naturaleza el registrador tiene facultades discrecionales, y a mi juicio, las ejercitó debidamente al exigir para variar la medida de la finca, no ya la simple manifestación de la parte interesada hecha en la escritura de agrupación, acerca de que se había practicado una mensura por un geómetra, con citación de los colindantes, sino la mensura misma."

Si el registrador hubiese basado su resolución específicamente en haberse dejado de suplementar los hechos aducidos en la escritura que tenía a la vista, mediante un certificado del agrimensor o de un plano certificado, el resultado en dicho caso quizá hubiese variado.

En *Valladares* v. *El Registrador,* 23 D.P.R. 45, 49, se dijo lo siguiente:

". . . . Este tribunal no es el llamado a definir cuál es la parte equivocada si el registrador o la recurrente; pero opinamos que si la interesada deseaba inscribir la medida superficial exacta de la finca agrupada, estaba en el deber de presentar al registrador certificación exacta de la mensura, expedida por perito competente."

En *Delgado* v. *Registrador*, 29 D.P.R. 867, una mayoría del tribunal resolvió, según se hace constar en el sumario, que: "Un exceso de 6 cuerdas demostrado por la mensura de una finca que aparece inscrita con cabida de 51 cuerdas, por su poca importancia, no es bastante para negar la identidad de la finca; y es documento suficiente para obtener la rectificación una escritura pública en que el interesado la solicita exponiendo el hecho de la mensura, sin que sea requisito indispensable el acompañar la certificación de mensura practicada con citación de colindantes." En el curso de la opinión se dijo: "Y no importa que no fuera presentada al registro la certificación de mensura practicada con citación del vendedor y de los colindantes, pues precisamente ese fué el punto de disidencia en el caso de *Figueroa* v. *El Registrador de Arecibo,* supra, que no sostuvo la mayoría del tribunal." Luego la corte manifestó: "Y no hay perjuicio de tercero en la rectificación pedida, pues del registro aparecería que la rectificación se practica en vista de las manifestaciones de Manuel Delgado Toledo y al adquirir un tercero cualquier derecho real en la finca puede exigir al vendedor lo que conduzca a la seguridad de su derecho sobre la cabida de la finca si alguna duda tuviere sobre ella." Evidentemente la corte estaba considerando como terceros únicamente a futuros adquirentes de la finca en cuestión o a los dueños, en perspectiva o en alguna otra forma, de alguna participación que pudiera adquirirse posteriormente de la finca. La doctrina puede ser lo suficientemente correcta en un caso en que, conforme se indica en otro sitio de la opinión, se ha practicado una mensura "con citación de los propietarios colindantes y del mismo vendedor." Se presenta cuestión distinta cuando no aparece que se haya hecho tal citación a los propietarios colindantes.

En todos estos casos, a excepción del de *Valladares* v. *Registrador,* supra, en que estaba envuelto un predio suburbano de más de 30,000 metros, y en la mayoría, de no ser en todo los casos similares hasta aquí resueltos por esta

corte, los predios o parcelas de terreno en cuestión eran fincas rústicas. Es materia de conocimiento general que tan sólo en los últimos años la práctica de medir tales fincas se ha convertido en la regla (suponiendo que así sea) en vez de la excepción. Si en cualquiera de los casos que han venido a nuestra consideración (a excepción del de *Portocarrero* v. *Registrador, infra*) se había practicado previamente una mensura, tal hecho no salió a relucir. Por otra parte, cuando se divide un predio de terreno en manzanas de un pueblo o ciudad, o en solares, y se subdividen en partes fraccionales tales manzanas o solares, el trabajo generalmente se efectúa por un agrimensor más o menos competente y, sea ello como fuere, existe menos oportunidad para que ocurra cualquier error apreciable respecto al área de las subdivisiones más pequeñas que se expresan en metros en vez de cuerdas. La regla puede ser la misma en principio en uno u otro caso, pero creemos que en su aplicación los registradores de la propiedad pueden, con bastante fundamento, exigir del dueño de la finca urbana o suburbana algo más por vía de prueba de lo que exigirían de un terrateniente rústico. Por lo que sepamos, esta corte nunca ha resuelto, aun tratándose de una finca rústica, que una cláusula relativa a la existencia de un exceso específico que se dice haber sido establecido mediante una mensura, sin una certificación de un agrimensor o sin hacerse mención alguna de haberse notificado a los dueños colindantes, sea suficiente para justificar la inscripción de tal exceso.

En *Portocarrero* v. *Registrador,* 34 D.P.R. 292, 294, por voz del Juez Asociado Sr. Franco Soto, dijimos:

"La regla general es que cuando hay una diferencia de la finca según aparece del registro y la que se alega en la escritura, tal diferencia, si resulta en exceso, no es inscribible mientras no se acredite la legítima adquisición de la misma, con arreglo al artículo 20 de la Ley Hipotecaria y demás disposiciones legales. La excepción a la regla es cuando el exceso es de escasa importancia en relación a la

cabida total de la finca, o salvo si se prueba, a juicio del registrador, que en la primera medición de la finca sólo se sufrió un error involuntario. Resoluciones de 14 de marzo de 1876, 1 D. de R. 262, 9 de noviembre de 1878, 1 D. de R. 469; 7 de septiembre de 1880, 2 D. de R. 465; 22 de noviembre de 1893, 5 D. de R. 413; y 27 de octubre de 1894, 5 D. de R. 583. Odriozola, Diccionario de Jurisprudencia Hipotecaria, 4ª ed., págs. 773, 774, 775 y 776.''

Juan A. Muriente Gil de Lamadrid, en el documento que ahora tenemos ante nos, hace constar que es dueño de las siguientes fincas:

''A.—URBANA:—Solar sito en la Sección Norte del barrio de Santurce, de San Juan, con una cabida superficial de veinticuatro metros cinco centímetros cuadrados en lindes por el Este, que es su frente, en tres metros setenta y cinco centímetros con un camino sin nombre; por la derecha entrando, que es el Norte, con seis metros en lindes con don Juan A. Muriente; por la izquierda, entrando, que es el Sur, en seis metros sesenta centímetros en lindes con la Sucesión Sarmiento; y por la espalda, que es el Oeste, en tres metros ochenta y nueve centímetros en lindes con terrenos de la Sucesión Sarmiento.

''B.—URBANA:—Solar con una casa en el sitio de 'Minillas', Sección Norte del barrio de Santurce de esta ciudad; mide seis metros de frente por trece de fondo, tiene una cabida de setenta y ocho metros cuadrados, y linda por el Norte y el Este, con solar de doña Gregoria París antes, hoy Juan A. Muriente por el Norte, y un camino sin nombre por el Este; por el Sur, con otro de Agustín Reyes, antes, hoy Juan A. Muriente; y por el Oeste, con solar de Ana Arzuaga, antes, hoy Sucesión Sarmiento y Manuel Couvertier. La casa es terrera, de madera y techada de zinc y mide cinco metros de frente por diez de fondo.

''C.—URBANA:—Solar sito en la Sección Norte del barrio de Santurce, de San Juan, con una cabida superficial de diez y siete metros catorce centímetros cuadrados, en lindes por el Este que es su frente, en tres metros y diez centímetros con un camino sin nombre; por la derecha entrando, que es el Norte, con cuatro metros y treinta y cinco centímetros en lindes con doña Carmen González; por la izquierda entrando, que es el Sur, en seis metros y setenta centímetros, en lindes con don Juan A. Muriente; y por la espalda, que es el Oeste, en tres

metros diez centímetros en lindes con terrenos de don Manuel Couvertier.''

En dicha escritura, que está fechada abril 27 de 1934, Muriente hace constar que adquirió la finca letra ''B'' en julio de 1921 y las otras dos, ''A'' y ''C'', en abril 18 de 1934. También dice:

''Que por lindar todas estas fincas entre sí, y formando en consecuencia un solo cuerpo, y una sola finca, se practicó por el exponente una mensura de todas ellas en total, y resultó de tal operación que la cabida o medida superficial es de ciento treinta y siete metros diez y nueve centímetros cuadrados, en lugar de ciento diez y nueve metros diecinueve centímetros cuadrados como resultaría de la suma de los tres predios juntos, por lo que el exponente desea ahora inscribir dichos tres predios como si fuera una sola finca y con la verdadera cabida resultante de la mensura, y con tal objeto la describe de la manera siguiente:

''URBANA:—Predio de terreno sito en Santurce Norte de San Juan, con una cabida superficial de ciento treinta y siete metros diez y nueve centímetros cuadrados, en lindes por el Este, que es su frente, en veintidós metros ochenta y cinco centímetros, con un camino sin nombre; por la derecha entrando, Norte, en cuatro metros treinta y cinco centímetros, con doña Carmen González; por la izquierda, también entrando, que es el Sur, en seis metros sesenta centímetros, con la Sucesión Sarmiento; y por la espalda, que es el Oeste, en veintidós metros noventa y nueve centímetros con la Sucesión Sarmiento, y Manuel Couvertier. Enclava una casa terrera, de madera, y techada de zinc, y mide cinco metros por el Sur, que es su frente, y diez metros hacia el fondo.''

Esta aseveración no indica cómo se distribuyó dicho exceso entre los distintos predios, en caso de que se distribuyera. Ella no es prueba satisfactoria de la existencia del supuesto exceso en cabida, dentro de determinados límites. El registrador estaba en lo cierto al negarse a inscribir la nueva parcela formada con una supuesta cabida de 137.19 metros cuadrados, en vez de 119.19 metros cuadrados.

*Debe confirmarse la nota recurrida.*