María Andrea Mattei Lartigaut, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 1022.—*Sometido:* Mayo 6, 1938. *Resuelto:* Julio 12, 1938.

L. *López de Victoria*, abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Allá para el año 1929 María Andrea Mattei Lartigaut, la recurrente, adquirió el título de ciertos bienes inmuebles que se dividieron en dos parcelas y que se describen como A y B. El título anterior fué debidamente inscrito en el Registro de la Propiedad de San Germán. Posteriormente, la recurrente hizo que un ingeniero midiera la parcela B y éste halló que la finca tenía un área, dentro de sus propios linderos y rumbos, de 90.30 cuerdas en vez de 52.66 cuerdas.

A fin de obtener un título inscribible por el área en exceso resultante de la anterior mensura, la recurrente presentó un expediente de dominio ante la Corte de Distrito de Ponce. La sentencia dictada dispuso que la referida área en exceso fuera inscrita en el registro. Al presentársele la aludida sentencia el Registrador de la Propiedad de San Germán se negó a inscribir el título por los siguientes motivos:

"... por observarse que la porción de terreno o parcela letra B de que se interesa tal inscripción, a virtud de la mensura que se dice fué practicada por el agrimensor José Ramírez Gaudier, arroja una superficie de 90 cuerdas 30 céntimos, existiendo por tanto un exceso de cabida en la misma constante de 37 cuerdas 64 céntimos, sin que de la resolución anterior aparezca expresado en forma específica que en el Tribunal que aprobó el expediente se

haya presentado el plano correspondiente a dicha mensura, no habiéndose presentado tampoco el mismo en esta oficina, ni certificación alguna del propio agrimensor creditiva de que se haya hecho citación de los colindantes de dicha parcela de terreno al verificarse tal mensura, lo que constituye un factor indispensable al objeto del deslinde y mensura de una propiedad, toda vez que el plano por sí solo, aunque se hubiese presentado, nada prueba en conclusión para llenar el correspondiente procedimiento de ley . . ."

La recurrente sostiene en su recurso que el registrador se ha excedido en sus facultades oficiales, toda vez que ha calificado hechos que no tienen relación con la jurisdicción o competencia de la corte ni con el procedimiento por ella seguido.

El registrador sostiene que no sólo se dejó de citar a los propietarios colindantes sino también que el procedimiento escogido por la peticionaria era erróneo.

El procedimiento adecuado, según el registrador, hubiera sido que un perito agrimensor midiera la finca, con citación de todos los dueños de los predios colindantes, y entonces acudir ante un notario público, con el plano de la mensura debidamente certificado por todas las partes, a fin de que el notario redactara un acta para corregir la inscripción. Si se hubiesen adoptado esas medidas, el registrador hubiera revisado la inscripción original a fin de ajustarla a los hechos.

El procedimiento sugerido por el registrador es sin duda alguna el más rápido y adecuado y el que mayores garantías ofrece no sólo al interesado en inscribir el exceso de cabida de la finca, si que también a los propietarios colindantes que pudieran ser afectados por una inscripción practicada a sus espaldas.

El procedimiento en este caso fué radicado aparentemente de conformidad con los artículos 395 y siguiente de la Ley Hipotecaria, que en lo pertinente lee así:

"Todo propietario *que careciere de título escrito de dominio,* cualquiera que sea la época en que hubiese tenido lugar la adqui-

sición, podrá inscribir dicho dominio justificándola con las formalidades siguientes:

"1. Presentará un escrito al juez de primera instancia del partido en que radiquen los bienes, o al del en que esté la parte principal, si fuese una finca enclavada en varios partidos, refiriendo el modo con que los haya adquirido, y las pruebas legales que de esta adquisición pueda ofrecer, y pidiendo que, con citación de aquel de quien procedan dichos bienes, o de su causahabiente y del ministerio fiscal, se le admitan las referidas pruebas y se declare su derecho.

"2. El juez dará traslado de este escrito al ministerio fiscal, citará a aquel de quien procedan los bienes o a su causahabiente, si fuera conocido, y a los que tengan en dichos bienes cualquier derecho real; admitirá todas las pruebas pertinentes que se ofrezcan por el actor, por los interesados citados o por el ministerio fiscal en el término de ciento ochenta días, y convocará a las personas ignoradas a quienes pueda perjudicar la inscripción solicitada, por medio de edictos que se fijarán en parajes públicos y se insertarán tres veces en los periódicos oficiales de la provincia de ultramar respectiva, a fin de que comparezcan si quieren alegar su derecho. (Bastardillas nuestras.)

Es evidente que la recurrente no carecía de título escrito de dominio sobre la finca cuya cabida se trató de rectificar en el registro mediante la tramitación de un expediente de dominio, sin citación de los propietarios colindantes que pudieran ser perjudicados por la inscripción de un exceso de cabida, que en este caso alcanza al 70 por ciento de la que aparece inscrita en el registro. La recurrente alega en su escrito estableciendo el presente recurso, "que el referido expediente de dominio se tramitó ante la Corte de Distrito de Ponce *para acreditar un exceso de medida* que resultó de la mensura de una finca rústica propiedad de la peticionaria, *la cual finca ya estaba inscrita en el Registro de la Propiedad de San Germán.*" En la propia sentencia dictada por la Corte de Distrito de Ponce, aprobando la información de dominio y ordenando la inscripción de la parcela "B" de acuerdo con la cabida resultante de la nueva mensura, se hace constar que el inmueble en cuestión "está inscrito a

nombre de la peticionaria a título de dominio, libre de carga y gravamen, etc.''

Teniendo la recurrente un título de dominio escrito e inscrito en el registro, en el cual aparecen claramente descritos los linderos de la finca, que son los mismos dentro de los cuales se practicó la nueva mensura, si de dicha mensura resultó una cabida mayor que la que se hiciera constar en el registro, el remedio más rápido, más adecuado y más justo, que ha sido sancionado por la jurisprudencia de esta Corte Suprema, es practicar una mensura de la finca con citación de los propietarios colindantes en el caso de que la diferencia entre la cabida inscrita y la resultante de la nueva mensura fuere mayor de un 20 por ciento. Si la diferencia fuere menor de un 20 por ciento, el registrador está facultado para hacer la correspondiente rectificación en los libros del registro, aun cuando no se hubiere citado a los colindantes. Véanse: *Cobb* v. *Registrador,* 12 D.P.R. 218; *Delgado* v. *Registrador,* 29 D.P.R. 867; *Ripoll* v. *Registrador,* 40 D.P.R. 808; *Muriente* v. *Registrador,* 47 D.P.R. 246; *Aboy Vda. de Cintrón* v. *Registrador,* 52 D.P.R. 150; Odriozola, Jurisprudencia Hipotecaria, páginas 772 a 777.

No estamos conformes con la contención de la recurrente de que el registrador recurrido fué muy lejos en su calificación. El caso de *Sucesión Estrella* v. *Registrador,* 41 D.P.R. 756, citado por la recurrente, justifica a nuestro juicio la calificación recurrida. Esta Corte Suprema se expresó así:

"Cuando la corte de distrito ha hecho la declaratoria de dominio, ésta debe ser tenida por buena y suficiente si la corte tenía jurisdicción y el procedimiento seguido fué el marcado por la ley. En esos dos particulares, jurisdicción y competencia, y procedimiento, puede el registrador opinar en su calificación; no en la justicia o error de la resolución, que están fuera de su autoridad, y su criterio.''

Tampoco ayudan a la recurrente los demás casos citados en su alegato. En el caso de autos el registrador no ha in-

vadido el campo de acción, ni ha impugnado en manera alguna la apreciación de la prueba hecha por el tribunal sentenciador. El registrador ha calificado como error de procedimiento la tramitación de una información de dominio para acreditar el de una finca que ya está debidamente inscrita en el registro a su cargo, con título escrito de dominio a favor de la dueña peticionaria. *Opinamos que el registrador recurrido procedió correctamente al denegar la inscripción solicitada y que su nota debe ser confirmada.*

El Juez Asociado Señor Wolf disintió.*