DANIEL PELLÓN LAFUENTE, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

Núm. 1024.—*Sometido:* Junio 15, 1938. *Resuelto:* Julio 13, 1938.

---

* NOTA: Véase el prefacio.

*M. Acosta Velarde* y *F. Acosta Velarde*, abogados del recurrente, y además éste *pro se;* el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Por escritura pública fechada en 5 de abril de 1938, el recurrente y don Jorge Romany y su esposa procedieron a la división material de un solar que aparece inscrito en el Registro de la Propiedad bajo la descripción siguiente:

"Urbana: Solar en el barrio Bayola, de Santurce, término municipal de San Juan, con una superficie de mil trescientos treinta y siete metros y cinco decímetros cuadrados, y colinda por el norte, con la zona marítima y en una extensión de veinte y siete metros cincuenta centímetros desde un solar del señor Curtarnay Camplyhom Nairn y Perpol hacia el este; por el sur veinte y ocho metros y en la misma dirección; por el norte colinda con otro solar del señor Nairn y Perpol; por el este y en una extensión de cuarenta y cuatro metros, colinda con terrenos de Elías Ayende y por el oeste, y en una extensión de cincuenta y cinco metros y cincuenta centímetros, con solar primeramente mencionado del mismo señor Nairn y Perpol, que tiene una cabida de veinte y seis metros y cincuenta centímetros por el norte y veinte y siete metros por el sur y hacia el este desde Nairn Avenue que tiene cuarenta pies de ancho de lado a lado."

En el párrafo tercero de la citada escritura se hizo constar que habiéndose practicado una nueva mensura de la finca ésta resultó con una cabida de 1,456.68 metros cuadrados, y que tiene actualmente las colindancias y descripción siguientes:

"Urbana: Solar sito en el barrio de Bayola de Santurse, término municipal de San Juan, con una superficie de mil cuatrocientos cincuenta y seis metros sesenta y ocho centímetros cuadrados, y colindando por el norte, con la zona marítima y en una extensión de veintisiete metros sesenta y seis centímetros; por el este, con Sabino y Romany y en una extensión de cincuenta metros veinte centímetros; por el sur, con el doctor Antonio R. Reyes y en una extensión de vein-

tiocho metros diez centímetros; y por el oeste, con la Sucesión Lago y en una extensión de cincuenta y ocho metros cuarenta y ocho centímetros.''

Presentada dicha escritura al registro, para la inscripción de la parcela adjudicada al recurrente, negóse el registrador recurrido a practicar la inscripción solicitada mediante la siguiente nota:

''DENEGADA la inscripción de este documento en cuanto a la adjudicación a Daniel Pellón, que únicamente se ha solicitado, tomándose en su lugar anotación preventiva al folio 115, tomo 203 de Santurce Norte, finca 8203, anotación A por ciento veinte días a favor de dicho señor, por observarse que la finca principal de la cual procede la parcela adjudicada aparece aumentada en sus medidas lineales y cabida superficial, después de su remensura, y que por tanto al hacerse la presente división de comunidad, esta parcela y la adjudicada al otro comunero, han aumentado también en sus medidas lineales y cabida superficial sin que se haya cumplido con el procedimento de ley para acreditar el aumento de dichas medidas lineales.''

No conforme el recurrente interpuso el presente recurso, por el que solicita la revocación de la nota recurrida y que se ordene al recurrido que proceda a convertir la anotación preventiva en inscripción definitiva.

Una comparación de la descripción que aparece del Registro con la que resulta de la nueva mensura revela las diferencias siguientes:

La medida superficial según el registro es 1,337.05 metros cuadrados; y según la nueva mensura 1,456.68 m. c., o sea un aumento de 119.63 m. c., que no alcanza al 9 por ciento del área total registrada.

Las medidas lineales de todas las cuatro colindancias resultan distintas. La del norte: Registro, 27.50 metros y según la nueva mensura 27.66. Y así respectivamente, sur, 28 y 28.10; este, 44 y 50.20; y oeste, 55.50 y 58.48.

Alega el recurrente que tratándose de un exceso que no llega al nueve por ciento y que no es de naturaleza tal que afecte la identificación de la finca, el Registrador debió pro-

ceder a la inscripción solicitada. Y en apoyo de su conten-
ción cita los casos de *Cobb* v. *Registrador,* 12 D.P.R. 218;
*Delgado* v. *Registrador,* 29 D.P.R. 867; *Ripoll* v. *Registrador,*
40 D.P.R. 808; *Muriente* v. *Registrador,* 47 D.P.R. 246, y
*Aboy Vda. de Cintrón* v. *Registrador,* 52 D.P.R. 150.

Si se tratara de un mero aumento de un 9 por ciento en
la extensión superficial de la finca, sin que existiera diferencia
alguna entre los linderos que aparecen del registro y los que
resultan de la nueva mensura, la jurisprudencia citada por
el recurrente nos obligaría a resolver el recurso en su favor.
Pero es el caso que las diferencias de 6.20 metros lineales
en el lindero este y de 2.98 en el lindero oeste son importan-
tes y a nuestro juicio suficientes para negar la identidad de
la finca, teniendo en cuenta que no se trata de una finca rús-
tica en la que los linderos que se dan son los nombres de los
dueños de los predios colindantes y sí de una finca urbana
o solar, colindante con otros solares, y con linderos fijados
de acuerdo con su extensión lineal.

En el caso de *Cobb* v. *Registrador,* supra, esta corte, al re-
vocar la nota recurrida, dijo:

"*Considerando:* que es punto resuelto por diferentes resoluciones
de la dirección general de los registros de la propiedad, que *las dife-*
*rencias de poca importancia* que se advierten en la cabida de las fin-
cas entre lo que resulte de los asientos del registro y lo que aparezca
de los documentos que se presenten para su inscripción no son bas-
tante para negar la identidad de las fincas, *máxime cuando en los lin-*
*deros no hay ninguna diferencia,* y debe el registrador hacerlas
constar en el registro, en la forma que determina el reglamento."
(Bastardillas nuestras.)

En *Muriente* v. *Registrador,* supra, en el cual se trataba
de la inscripción del exceso resultante de la agrupación de
tres solares, esta corte al sostener la nota denegatoria del
registrador, se expresó así:

"En todos estos casos, a excepción del de *Valladares* v. *Registra-*
*dor,* supra, en que estaba envuelto un predio suburbano de más de
30,000 metros, y en la mayoría, de no ser en todos los casos similares

hasta aquí resueltos por esta corte, los predios o parcelas de terreno en cuestión eran fincas rústicas. Es materia de conocimiento general que tan sólo en los últimos años la práctica de medir tales fincas se ha convertido en la regla (suponiendo que así sea) en vez de la excepción. Si en cualquiera de los casos que han venido a nuestra consideración (a excepción del de *Portocarrero* v. *Registrador, infra*) se había practicado previamente una mensura, tal hecho no salió a relucir. Por otra parte, cuando se divide un predio de terreno en manzanas de un pueblo o ciudad, o en solares, y se subdividen en partes fraccionales tales manzanas o solares, el trabajo generalmente se efectúa por un agrimensor más o menos competente y, sea ello como fuere, existe menos oportunidad para que ocurra cualquier error apreciable respecto al área de las subdivisiones más pequeñas que se expresan en metros en vez de cuerdas. La regla puede ser la misma en principio en uno u otro caso, pero creemos que en su aplicación los registradores de la propiedad pueden, con bastante fundamento, exigir del dueño de la finca urbana o suburbana algo más por vía de prueba de lo que exigirían de un terrateniente rústico. Por lo que sepamos, esta corte nunca ha resuelto, aun tratándose de una finca rústica, que una cláusula relativa a la existencia de un exceso específico que se dice haber sido establecido mediante una mensura, sin una certificación de un agrimensor o sin hacerse mención alguna de haberse notificado a los dueños colindantes, sea suficiente para justificar la inscripción de tal exceso.''

En ninguno de los casos citados por el recurrente se ha tratado como en el presente de rectificar la medida lineal de los linderos y de inscribir el exceso de cabida resultante de tal rectificación, sin presentar al registrador de la propiedad la correspondiente copia certificada del plano de mensura, con constancia de haberse practicado la mensura con citación de los colindantes.

Es indudable por ser matemáticamente exacto que cualquiera extensión que se haga en las medidas lineales de un solar constantes en el registro ha de dar como resultado un aumento en la extensión superficial del inmueble, con probable perjuicio para los dueños de los solares colindantes. No debe a nuestro juicio permitirse la alteración o rectificación de linderos, ni la inscripción del exceso de cabida resultante, aun cuando se trate de una diferencia que no llegue a un 20

por ciento, sin que antes se practique una mensura con citación de los colindantes. Véanse: *Muriente v. Registrador,* supra, y *Aboy v. Registrador,* supra.

*Por las razones expuestas opinamos que no erró el recurrido al denegar la inscripción solicitada y que la nota recurrida debe ser confirmada.*

El Juez Asociado Señor Wolf está conforme con el resultado.[*]