CHEVREMONT v. EL REGISTRADOR DE LA PROPIEDAD

Recurso gubernativo contra nota del Registrador de la

Propiedad de San Juan.

No. 7.—Resuelto en Junio 23, 1905.

DOMINIO.—INSCRIPCIÓN DE UN EDIFICIO.—DOMINIO DEL SOLAR.—Inscrito un edificio á favor de persona determinada, debe entenderse inscrito también á su favor el dominio del solar, cuando el dueño no sea un mero superficiario, ni haya prueba de que el solar pertenezca á otra persona, doctrina fundada en la presunción legal, de que *es dueño del suelo aquél que lo es de lo edificado sobre él.*

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Ramírez Arrillaga.*

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don Francisco Ramírez Arrillaga, á nombre de Don León Emilio Chevremont y Couvertié, contra

negativa del Registrador de la Propiedad de esta Capital á inscribir una escritura hipotecaria.

*Resultando* que por escritura pública otorgada en esta Capital, ante el Notario de la misma Don Santiago R. Palmer, en dos de noviembre de mil ochocientos noventa y nueve, Don Juan Monclova y Martínez vendió á Doña Josefa Candia y Cintrón, una casa con su solar, que le correspondía en propiedad, situada en la calle del Hospital de esta ciudad, marcada con el número 6, cuya escritura fué inscrita en el Registro de la Propiedad de esta Capital.

*Resultando* que por otra escritura otorgada también en esta capital, en 23 de diciembre de 1904, ante el abogado y notario Don Damián Monserrat, Doña Josefa Candia reconoció deber á Don León Emilio Chevremont, la suma de mil trescientos dollars que le había facilitado en calidad de préstamo, al interés de uno por ciento mensual, hipotecándole á la seguridad del pago la misma casa número 6, de la calle del Hospital, con su solar correspondiente, y que presentada una copia de esta escritura al Registrador de la Propiedad de esta ciudad, para su inscripción, inscribió el Registrador la hipoteca sobre la casa, pero la denegó sobre el solar, por los motivos que expresó en la nota que puso al pié de dicha escritura, la que, copiada á la letra, dice así:

"Inscrito el precedente documento en cuanto á la hipoteca que contiene sobre la casa, al folio 73 del tomo 56 de esta ciudad, finca 824 triplicado, inscripción 18a., y denegada la inscripción por lo que respecta al solar por no constar inscrito á nombre de Da. Josefa Candia ni al de ninguna otra persona, y en cumplimiento de la ley sobre recurso contra las resoluciones de los Registradores, se ha extendido anotación preventiva de la negativa á favor del Señor Don Luis Emilio Chevremont en la citada inscripción, la cual tendrá efecto legal durante ciento veinte días de la fecha.—San Juan, Puerto Rico, enero 11 de 1905.—El Registrador, José Benedicto."

*Resultando* que contra esta nota del Registrador ha

interpuesto el abogado Don Francisco Ramírez Arrillaga, á nombre de Don Emilio Chevremont, el presente recurso gubernativo para que se revoque y se le ordene inscribir la hipoteca sobre el expresado solar.

*Resultando* que librada la carta orden al Registrador de la Propiedad de esta ciudad para que aclarara la contradicción que aparecía entre la nota puesta al pie de la escritura hipotecaria, de no constar inscrito el solar á favor de Doña Josefa Candia, cuando ésta tenía inscrita su escritura de propiedad, que se refería á la casa con su solar, informó el Registrador que, ni en la inscripción primera de la casa de que se trata, ni en ninguna de las posteriores, se ha hecho mención del solar, no resultando, por consiguiente, inscrito éste á favor de los dueños de la casa, ni de ninguna otra persona. Que la casi totalidad de las fincas radicadas intramuros de esta ciudad, aparecen inscritas en igual forma, ó sea la casa, sin designación del solar, y aunque el informante sabía que en esta materia, lo principal es el suelo, y la edificación lo accesorio, entendía que inscrita una casa sin hacerse distinción entre el suelo y el edificio, debía presumirse inscrito también el solar, aunque no se determinara expresamente que esta doctrina la sancionaba la resolución de la Sección de los Registros del Ministerio de Ultramar de 16 de mayo de 1896, dictada precisamente en un asunto de esta Isla, y en la cual se declaró que, destruídos por un incendio dos edificios, era inscribible la venta que de los solares había hecho el que los tenía inscritos á su favor, si la inscripción se refería á las fincas lisa y llanamente, y no á un derecho superficiano; y así que continuó entendiéndolo y practicándolo el informante, hasta que con motivo de la resolución dictada por esta Corte Suprema, en 16 de noviembre de 1903, sobre la inscripción de un solar del Ayuntamiento de esta Capital, en la que se declaró que, no cons-

tando inscrito expresamente el solar á favor de ninguna
persona determinada, no era un obstáculo el artículo 20
de la Ley Hipotecaria para que pudiera inscribirse el
solar á favor del Ayuntamiento, que acreditaba su dere-
cho en la forma que exigía el artículo 36 del Regla-
mento de la Ley Hipotecaria, cambió de criterio el Re-
gistrador informante, viéndose desde entonces precisado
á dejar reservado el derecho que puedan tener los dueños
de los solares para inscribirlos á su favor, mediante la
presentación de los títulos correspondientes; y á negar
la inscripción del solar, cuando se incluye en la escritura
de enajenación ó gravamen y no aparece en el Registro
inscrito determinadamente á nombre del que no trans-
fiere ó grava.

*Considerando* que habiendo declarado la Sección de los
Registros del Ministerio de Ultramar en su resolución
de 16 de mayo de 1896, que inscrito un edificio, debe enten-
derse inscrito el solar á favor del mismo dueño, cuando
éste no es un mero superficiario, por la presunción legal
de que el que es dueño de lo edificado lo es también del
suelo, no hay motivo alguno para que esta doctrina, que
venía sancionada por la práctica, y que ha sido expresa-
mente confirmada por el centro superior de los Regis-
tros de la Propiedad, no continúe aplicándose en todos
los casos, siempre que la presunción legal en que se fun-
da, no resulte destruída por una prueba suficiente en
contrario.

*Considerando* que esta doctrina no se opone á la reso-
lución dictada por esta Corte Suprema, en 16 de noviem-
bre de 1903, sobre inscripción de un solar á favor del
Ayuntamiento de esta Capital, y en la que se declaró,
no precisamente que no estando inscrito expresamente el
solar, no debía considerarse incluído en la inscripción
de la casa, como lo resolvió la resolución de la Sección
de los Registros del Ministerio de Ultramar, de que se

ha hecho mención, sino que constando como constaba en aquel caso especial y concreto, que el Ayuntamiento de esta Capital era dueño del solar en cuestión, al extremo de que constaba acreditado de los documentos que obran en el expediente, que los dueños anteriores de la casa, habían venido pagando al Ayuntamiento un canon por el arrendamiento del solar hasta el año de 1893, y que dos de dichos dueños anteriores, los nombrados Bernardo Báez y Juan Casimiro León, habían constituído hipoteca sobre la casa, á favor del Ayuntamiento, para responderle del pago del alquiler del solar, por escritura de 2 de julio de 1851, ante el notario Don Mauricio Guerra Mondragón, que fué inscrita en el antiguo Registro y trasladada al moderno, al folio 61 vuelto, del tomo 28 de esta Capital, finca 1149, inscripción 6a.; y que no habiéndose hecho constar este particular en la inscripción de la casa en contravención á lo dispuesto por el artículo 64 del Reglamento de la Ley Hipotecaria, según el cual "en toda inscripción relativa á fincas en que el suelo pertenezca á una persona y el edificio ó las plantaciones á otra, se expresará con claridad esta circunstancia," esta omisión no podía perjudicar el derecho del Ayuntamiento, y en su consecuencia, procedía inscribirse el solar á su favor, sin que á ello se opusiere el artículo 20 de la Ley Hipotecaria, puesto que no aparecía inscrito expresamente á favor de ninguna persona determinada.

*Considerando* por tanto, que no existiendo motivo alguno para que deje de aplicarse en el presente caso la doctrina sentada por la Sección de los Registros del Ministerio de Ultramar, en su resolución de 16 de mayo de 1896, máxime cuando, teniendo inscrita á su favor Da. Josefa Candia Cintrón la escritura de compra-venta de la casa número 6 de la calle del Hospital, de esta ciudad, que incluye el solar en que está edificada, debe conside-

rarse éste comprendido en la inscripción de la casa, y por consiguiente, no existe motivo para que deje de inscribirse sobre él la escritura hipotecaria de que se trata.

*Vistas* las disposiciones legales citadas en la presente resolución.

*Se revoca* la nota denegatoria puesta por el Registrador de la Propiedad de esta Capital al pie de la escritura hipotecaria á que se refiere el presente recurso, y se declara que dicha escritura es también inscribible sobre el solar de la casa hipotecada por la escritura de 23 de diciembre de 1904, á favor de Don León Emilio Chevremont y Couvertié; y devuélvanse los documentos presentados al Registrador de la Propiedad de esta Capital, con copia de esta resolución, para su conocimiento y demás efectos que procedan, con arreglo á derecho.

*Revocada.*

Jueces concurrentes: Sres. Hernández, Figueras y MacLeary.

El Juez Asociado Sr. Wolf, no intervino en la resolución de este caso.