Ramírez de Isern, Recurrente, v. El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas, denegando la inscripción de un expediente posesorio.

No. 332.—Resuelto en noviembre 16, 1917.

Expediente Posesorio—Casa Radicada en Solar del Municipio—Inscripción Previa del Solar.—No es inscribible un expediente para acreditar la posesión en concepto de dueño de una casa enclavada en solar de un municipio no inscrito como finca independiente en el registro, pues siendo el suelo lo principal y la edificación lo accesorio, no puede inscribirse la casa sin que el solar se haya inscrito previamente.

Segregación de Fincas—Inscripción en el Registro.—Según el actual sistema de inscripción de títulos de propiedad, cuando de una finca principal se segrega una porción, ésta se convierte en finca independiente y como tal se inscribe de nuevo en el registro.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido. Sr. Francisco Socorro no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Luisa Ramírez de Isern tramitó en la Corte Municipal de Caguas un expediente para acreditar la posesión en concepto de dueña de una casa enclavada en un solar del Municipio de Caguas. En el escrito inicial se consigna que el solar es parte de una finca de ochenta y una cuerdas inscritas en el registro a favor del indicado municipio. El expediente fué finalmente aprobado por la corte, y presentado para su inscripción, ésta fué denegada por las siguientes razones: "1°. Porque constituyendo la ocupación del solar por la edificación de la casa que se menciona, un derecho real de uso o usufructo, y formando aquél, parte de una finca de 81 cuerdas, inscrita a nombre del municipio al folio 92 del tomo 11 de Caguas, finca número 562, inscripción primera, no es

el mencionado expediente el documento auténtico para inscribirle, sino el título de fácil adquisición, o sea la certificación expedida por el secretario de dicho municipio comprensiva de la ordenanza, o resolución del concejo aprobada por el alcalde de la que resulte el consentimiento expreso trasmitiendo el uso o usufructo del solar para edificarse la casa en el mismo, con las reservas o las condiciones que dicho concejo u ordenanza imponga.    (Arts. 2 y 3 de la Ley Hipotecaria y 51 de su Reglamento, y Ley No. 40 de 7 de marzo de 1912 autorizando a los municipios para la concesión de uso de solares para construcción de edificios.) 2º. Porque aun prestando su consentimiento el municipio para el usufructo o uso del solar, formando como forma éste parte de la finca principal, inscrita a nombre del municipio, el precepto terminante y absoluto del artículo 20 de la Ley Hipotecaria, y la historia jurídica del inmueble, requiere que se segregue de éste el dicho solar y se inscriba previamente a favor del municipio como finca independiente para trasmitirse a la dueña de la casa Doña Luisa Ramírez de Isern, el uso o usufructo del mismo, con mucha más razón, por cuanto que la casa, lo mismo que el solar son dos cosas principales para los efectos de la Ley Hipotecaria y requieren inscripción separada a favor de cada dueño.''

No conforme con la calificación del registrador, la Sra. Ramírez de Isern interpuso el presente recurso gubernativo.

A nuestro juicio debe confirmarse la nota recurrida.    La cuestión no es nueva ante este tribunal.    El 7 de junio de 1910 y en el caso de *Hernández* v. *El Registrador,* 16 P. R. R. 464, se decidió que ''no es inscribible la sentencia de una corte de distrito que declara justificado el dominio de dos casas del promovente radicadas en solar de un municipio; pues siendo el suelo lo principal y la edificación lo accesorio, no pueden inscribirse en el registro las casas sin que hayan sido previamente inscritos los solares.''    Y el 4 de febrero de 1913, se aplicó la doctrina del caso de Hernández a un recurso

procedente precisamente del Registrador de la Propiedad de Caguas, *Solá* v. *El Registrador,* 19 D. P. R. 58. En este último caso el registrador se negó a inscribir la posesión de dos casas a favor de Cirilo Solá situadas en solares del Municipio de Caguas, porque los solares no aparecían inscritos a favor del municipio. Solá alegó que los solares constaban inscritos. Se pidió informe al registrador y éste lo evacuó en el sentido de que ciertamente había una finca de ochenta y una cuerdas inscrita a favor del Municipio de Caguas, pero que no podía asegurar que los solares formaran parte de ella. Y esta corte con vista de la jurisprudencia establecida en el caso de Hernández, *supra,* confirmó la nota recurrida.

En el caso que ahora resolvemos parece que no existe duda de que el solar en que está enclavada la casa es parte de la finca de ochenta y una cuerdas inscrita a favor del municipio. Pero esto no basta. Según nuestro sistema de registro de títulos de propiedad, cuando de una finca principal se segrega una porción, esta porción se convierte en finca independiente y como tal se inscribe de nuevo en el registro. Y así debe hacerse en el presente caso. Debe registrarse la propiedad del solar como finca independiente a favor del Municipio de Caguas y luego el usufructo del mismo y la casa en él edificada a favor de la Señora Ramírez de Isern.

Por las anteriores razones, se confirma la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.