Rivera, Recurrente, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas, denegando la inscripción de una escritura de reedificación.

No. 392.—Resuelto en noviembre 25, 1918.

Posesión—Edificación—Inscripción de—Posesión del Solar.—Inscrita la posesión de un edificio a favor de persona determinada, debe entenderse inscrita también a su favor la posesión del solar, cuando el poseedor no sea un mero superficiario, ni haya prueba de que el solar pertenezca a otra persona; doctrina fundada en la presunción legal de que es dueño del suelo aquel que lo es de lo edificado sobre el mismo.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador, Sr. Pedro Gómez Lasserre, no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Lucas Rivera Rodríguez y su esposa comparecieron ante notario público el once de enero de 1918 e hicieron constar que habían adquirido por compra cierta finca urbana en Caguas y que tenían su título inscrito en el registro de la propiedad; que habían derribado la casa por hallarse ruinosa y en el mismo solar habían levantado otra que describen, y que otorgaban dicho documento a los efectos de que la reedificación pudiera inscribirse en el registro de la propiedad.

Presentada la escritura, el registrador se negó a inscribirla por medio de la siguiente nota, contra la cual se ha interpuesto el presente recurso gubernativo:

."Denegada la inscripción del precedente documento, que es la escritura número 11, otorgada en esta ciudad, el once de enero último, ante el notario Andrés Mena, porque de los antecedentes del registro aparece que Carlota López, primitiva poseedora de la casa destruída, acreditó e inscribió a su nombre solamente la posesión de dicha casa, sin que conste que el solar en que se hallaba enclavada se inscribiera a favor de la nombrada señora, por lo cual el citado solar no ha podido ser transmitido a favor de Lucas Rivera, quien tampoco lo tiene inscrito a su nombre; porque habiendo sido destruída la casa comprada por el señor Rivera quedarían totalmente canceladas no sólo la inscripción practicada a favor de dicho señor Rivera, sino también todos los asientos anteriores, por lo cual desaparecería en absoluto la referida finca; porque para la inscripción de la casa nuevamente construída es imprescindible la previa inscripción del solar en que la misma enclava, y porque no está por tanto inscrito dicho solar a nombre de persona alguna, habiéndose tomado en su lugar anotación preventiva, por el término legal, al folio 184 del tomo 52 de Caguas, finca número 616 duplicado, anotación letra B, en la que se consignó además el defecto subsanable de estar equivocada en este documento la situación de la finca pues del registro se comprueba que radica en la calle Padial, que antes se llamó Sol, y no en la calle de Padilla como en este título se expresa. Caguas, septiembre 10 de 1918.—Pedro Gómez Lasserre."

Como puede verse, la negativa descansa en que no consta del registro la inscripción del solar. Para comprobar este extremo, se solicitó del registrador que enviara una copia certificada de la primera inscripción de la finca.

Así lo hizo y después de haber examinado dicho documento opinamos que tiene razón el recurrente porque de él resulta que "doña Carlota López, sin otro apellido, mayor de edad, soltera y de este vecindario, acudió al Juzgado Municipal de este pueblo, solicitando acreditar la posesión en que se halla de la finca relacionada por haberla construído con su peculio en un solar que compró a doña Adela Díaz, sin que en dicha adquisición mediara título alguno inscribible," y que el expediente se tramitó y aprobó de acuerdo con la ley y el registrador hizo finalmente la inscripción en los siguientes términos: "Inscribo a nombre de doña Carlota López la posesión de esta finca, sin perjuicio de tercero de mejor derecho a su propiedad." La descripción de la finca en la inscripción abarca el solar y la casa.

Siendo esto así, no constando nada en contrario, debe concluirse que quedó inscrita la "finca" por completo y que las sucesivas transferencias y consiguientes inscripciones claramente comprenden la casa y el solar. La confusión del registrador parece que se debe al hecho de que no obstante continuar siendo lo principal en las fincas urbanas el suelo, se prescinde de mencionar éste y se hace referencia siempre a ellas como a la casa número tal o al edificio cual. En la idea de casa o edificio va comprendido generalmente el solar donde se levantan, sin cuya previa existencia la de la casa o del edificio no pueden concebirse.

Revisando el tribunal su propia jurisprudencia ha encontrado además que este caso puede considerarse resuelto por el de *Chevremont* v. *El Registrador de Propiedad,* 9 D. P. R. 206, en el que se estableció la siguiente doctrina:

"Inscrito un edificio a favor de persona determinada, debe entenderse inscrito también a su favor el dominio del solar, cuando el dueño no sea un mero superficiario, ni haya prueba de que el solar pertenezca a otra persona, doctrina fundada en la presunción legal, de que es dueño del suelo aquél que lo es de lo edificado sobre él."

Por virtud de lo expuesto debe revocarse la nota recu-

rrida y ordenarse la inscripción solicitada con el defecto apuntado por el registrador.

*Revocada la nota recurrida y ordenada la ins-*
*cripción solicitada con el defecto apuntado*
*por el registrador.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.