CARMEN SÁNCHEZ MARTÍNEZ, ET ALS., demandantes y apelantes, *v.* JOSÉ MARÍA RODRÍGUEZ DOMÍNGUEZ, demandado y apelado.

Núm. 8125.—*Sometido:* Junio 5, 1940. · *Resuelto:* Junio 13, 1940.

*Simón Largé* y *Nicolás Lecároz Largé,* abogados de los apelantes; *Miguel Parga, Jorge V. Toledo* y *José Rodríguez,* abogados del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Se trata de la reivindicación de un solar de 588.50 metros cuadrados radicado en el pueblo de Río Piedras. En la demanda se alega substancialmente lo siguiente:

Que Gumersinda López Cepero adquirió dicho solar en 1882 por compra a Juan del Toro y edificó allí la casa núm. 2, calle Borinquen, en 1883; que a virtud del oportuno expediente, dicha señora justificó su posesión, inscribiendo su derecho en el Registro en 1888; que en enero de 1889 la señora López Cepero vendió la casa y solar a Vicente López Cepero, quien construyó allí otra casa marcada con el núm. 4 de la calle Borinquen, quedando las dos casas y el solar inscritos a su nombre; que Vicente López Cepero falleció en 1903 bajo testamento por el cual instituyó como sus únicos herederos a su viuda e hijos, los aquí demandantes; que al hacerse la partición de bienes, la casa núm. 4, valorada en $650, fué adjudicada a la viuda en pago de parte de su haber hereditario, y de la núm. 2, valorada en $2,300, se adjudicó una participación de $1,145 a la viuda en pleno dominio y otra participación de $1,155 a la misma viuda en usufructo y la nuda propiedad a los otros tres herederos; que al hacerse la partición de bienes no se hizo adjudicación del solar en que radican dichas dos casas, ni a los herederos ni a ninguna otra persona, y que los demandantes han continuado siendo los únicos y exclusivos dueños de dicho solar por título de herencia que aceptaron; que en octubre 13, 1916, la demandante Carmen Sánchez Martínez vendió a Rufino Rodríguez Domínguez la casa núm. 4, pero no el solar en que está enclavada, por $1,000; que en 13 de abril de 1917, previa autorización de la corte de distrito, la misma Carmen Sánchez Martínez y sus tres hijos vendieron la casa núm. 2, pero no el solar en que la misma está enclavada, a la mercantil Sucesores de Pérez Hermanos, S. en C.; que al disolverse dicha sociedad, la referida casa núm. 2 fué adjudicada al socio Rufino Rodríguez Domínguez en pago de parte de su haber social; que

en el año 1933 Rufino Rodríguez Domínguez formuló demandas contra los aquí demandantes para obligarles a otorgar escritura rectificando las anteriores en el sentido de hacer constar que la compraventa de las casas mencionadas incluía el solar o solares en que las casas estaban enclavadas; que dichas demandas fueron desestimadas; que en la resolución dictada en octubre 21 de 1933 por la Corte de Distrito de San Juan, en el expediente sobre autorización judicial, se declaró que la venta del condominio de los dos menores se refería exclusivamente a las casas, sin inclusión de solar alguno.

Se alega además en la demanda, que en 19 de septiembre de 1936 Rufino Rodríguez Domínguez vendió a su hermano, el aquí demandado, la finca que se describe en la demanda, como compuesta de solar y dos casas en el mismo contenidas, sabiendo ambos por las constancias del Registro que el solar no pertenecía al vendedor y sí a los demandantes desde la muerte de Vicente López Cepero y Martínez; y que el demandado posee dicho solar sin ningún justo título ni buena fe y en contra de la voluntad de los demandantes.

Contestaron los demandados negando específicamente que el solar en controversia fuera excluído de las ventas y traspasos a que se hace referencia en la demanda o que la propiedad de dicho solar se reservara a favor de los demandantes, y alegaron en contrario que en la venta hecha a Rufino Rodríguez Domínguez estaba incluído el solar en que están enclavadas las casas. El resto de la contestación es una negación específica de cada una de las alegaciones esenciales de la demanda. Como defensas especiales el demandado alegó la prescripción de la acción y su calidad de tercero.

Los demandantes han interpuesto el presente recurso contra la sentencia por la cual se desestima la demanda y se les condena a pagar las costas y $500 para honorarios de abogado.

Ocho son los señalamientos de error en que descansan los apelantes. En el primero alegan que la corte *a quo* erró al declarar sin lugar la demanda y al no reconocer a los demandantes como únicos dueños del solar. En los restantes se imputa a la corte sentenciadora error manifiesto, pasión, prejuicio y parcialidad en la apreciación de la evidencia, en la interpretación de ciertos documentos y al condenar a los demandantes por considerarlos temerarios al pago de costas y honorarios. Consideraremos primero los errores relacionados con la apreciación de la prueba, para lo cual tendremos que hacer un resumen de la evidencia.

■■ Como prueba documental ofrecieron los demandantes: (*a*) Escritura de partición de bienes relictos al óbito de Vicente López Cepero, de fecha abril 28, 1904. Las dos casas y el solar objeto de este litigio aparecen inventariados, descritos y valorados así:

"Casa de altos y bajos, de madera y mampostería, con su cocina y demás servidumbre, marcada con el núm. 2 y situada en la calle de Brumbaugh de esta población de 12 varas de frente por 16 de fondo, *enclavada en solar propio,* compuesto de 11.40 metros de frente y 14 de fondo, colindante por el Este y Norte con las calles de Brumbaugh y Robles, respectivamente, por el Sud con solar de don Pedro F. Ubarri y por el Oeste con terreno de la Sucesión de Don Cristino Vilá_____ $2,300

"Casa de madera, terrera, techada de zinc, con su cocina y demás servidumbre, de 17 varas de frente por 16 de fondo, situada en la calle Brumbaugh y marcada con el núm. 4, *fabricada en parte del solar correspondiente a la anterior casa núm. 2* y colinda por el Norte con dicha casa, por el Sud con solar de Don Pedro F. Ubarri, por el Oeste con el de la Suc. de Cristino Vilá y por el Este con la calle Brumbaugh_____ $650

(Bastardillas nuestras.)

(*b*) Escrituras de 21 de junio de 1905 y 16 de noviembre del mismo año, de las cuales consta que las fincas arriba descritas fueron adjudicadas a los demandantes de acuerdo con las alegaciones de la demanda.

(c) Escritura de octubre 13, 1916, por la que Carmen Sánchez Martínez vendió por precio de $1,000 a Rufino Rodríguez Domínguez, la casa marcada núm. 4 de la calle Brumbaugh, "transfiriéndosela sin ninguna reserva ni limitación."

(d) Copia del expediente sobre autorización judicial para vender bienes de menores. En dicho expediente consta un recibo por contribuciones del primer semestre de 1916–17, del que aparece que la contribución ha sido pagada por la Sucesión López Cepero sobre un solar de 315 metros cuadrados, valorado en $630 y una casa valorada en $2,000.

En apoyo de la solicitud declararon cuatro testigos al efecto de que era necesario vender la casa porque estaba en muy mal estado y los dueños no tenían los $1,000 necesarios para hacer las reparaciones ordenadas por la Sanidad. El testigo Rafael López Cepero declaró que la casa estaba tasada *en su totalidad* en $2,630, pero que en realidad según sus cálculos podría valer $3,000. Otro testigo, Bernardo Fernández, declaró que la casa lo más que podía valer era de $2,000 a $2,500. El Sr. José Martínez Llonín declaró que él no daría $2,500 *por la casa y solar* y que una venta por $3,500 sería magnífica.

Autorizada la venta, celebrada la subasta y adjudicada la finca a Rufino Rodríguez Domínguez, se descubrió que por un error en la orden final autorizando la venta se había insertado la descripción de la finca núm. 8 de la calle Brumbaugh en vez de la de la casa núm. 2 de la misma calle, que era la finca a la cual se referían los testigos que declararon en el expediente. En la moción radicada por la madre de los menores para anular la subasta y enmendar la orden final autorizando nuevamente la venta, la peticionaria alegó:

"y siendo su valor el de $2,300, se adjudicó de esta suma $1,145 a la recurrente en pleno dominio y $1,155 en usufructo, correspondiendo la nuda propiedad a los hijos herederos Rafael, Juana Ricarda y Florencia del Carmen López Cepero y Sánchez *y como sobre el propio solar la viuda recurrente ha construído una casa más,* que es de madera cubierta de zinc, *que ha aumentado el valor de toda la finca,* se tiene convenida la compraventa de dicho inmueble en la

suma de $3,500, en la que $1,700 corresponden a la peticionaria y $1,800 a los herederos, o sea $600 a cada uno.'' (Bastardillas nuestras.)

La orden final autorizando la venta de la finca fué dictada en marzo 13 de 1917. En la misma fecha se otorgó escritura de venta a favor de Sucesores de Pérez Hermanos, S. en C., por $3,500. En 26 de septiembre de 1933, Rufino Rodríguez, a quien fué adjudicada la finca al disolverse la sociedad Sucesores de Pérez Hermanos, solicitó de la corte de distrito que ordenase al márshal otorgara un acta aclaratoria en la que se hiciera constar que la venta incluía no sólo la casa núm. 2 de la calle Brumbaugh si que también el solar en que la misma radica. La moción fué declarada sin lugar por entender la corte que el márshal no había cometido error alguno y que no podía decretar el otorgamiento de un acta aclaratoria sin antes oír a las partes interesadas.

(e) Certificación del Registrador de la Propiedad, de la cual aparece que todas las escrituras anteriormente relacionadas constan inscritas en el Registro de San Juan.

En las inscripciones 1ª., 2ª. y 3ª. la finca aparece descrita así: ''Urbana: *casa con su solar* en la calle de España, esquina a la del Roble del pueblo de Río Piedras, etc.'' La casa, que se describe como de dos plantas, es la núm. 2 de la calle Brumbaugh. La casa núm. 4, construída sobre el mismo solar por Vicente López Cepero, fué inscrita a su nombre (inscripción 5ª.) y descrita así: *''Casa sobre el solar* de este número, marcada con el número cuatro de la calle Borinquen, hoy Brumbaugh, etc.''

En la inscripción 6ª., por la cual se anotó la adjudicación hecha a favor de las demandantes a virtud de la escritura de partición, se hace la siguiente descripción:

''URBANA: Casas números dos y cuatro, de la calle de Borinquen, hoy Brumbaugh, del pueblo de Río Piedras, constando la descripción de la segunda de la inscripción quinta anterior, igual a la que se hace en el documento presentado, describiéndose la primera, o sea la número dos, como de altos y bajos, etc.''

En la inscripción 12ª., por la cual se inscribió la venta hecha por los demandantes a Sucesores de Pérez Hermanos, la finca aparece descrita así:

"URBANA: Casa número dos de la calle de Brumbaugh, del pueblo de Río Piedras, cuya descripción y libertad de cargas constan de las inscripciones *primera y sexta,* conforme con el documento presentado, *en el cual se dice que también existe en el solar otra casa de madera, cubierta de zinc.* (Bastardillas nuestras.)

La prueba testifical de la parte actora consistió del testimonio de las demandantes Ricarda y Carmen López Cepero, quienes se limitaron a declarar que ellas nunca vendieron el solar ni al demandado ni a ninguna otra persona; que requirieron al demandado para que les entregara el solar y que el demandado se negó a entregarlo.

Francisco Figueroa y Manuel Gómez declararon que según su opinión el solar valía unos $10,000; que ellos habían ido en representación de los demandantes a pedir al demandado devoluciese el solar, negándose a ello el demandado. La declaración del testigo Castrillo carece de importancia.

El demandado ofreció prueba documental consistente en:

1. Certificación del Registro que contiene los mismos datos ya relacionados.

2. Copias de las resoluciones dictadas por la Corte de Distrito de San Juan declarando prescritas las dos acciones incoadas en el año 1934 por el demandado contra los demandantes, para obligar a éstos a otorgar escritura de rectificación de las otorgadas en el año 1917 por dichos demandantes.

3. Recibos de contribuciones sobre la propiedad inmueble, correspondientes a los años fiscales desde 1917 a 1939, de los cuales aparece que las impuestas a las casas números 2 y 4 de la calle Brumbaugh de Río Piedras y a los solares sobre los cuales radican dichas casas fueron pagadas en cuanto a la primera por Sucesores de Pérez Hermanos, por Rufino Rodríguez Domínguez y el demandado; y en cuanto a la núm. 4, por Rufino Rodríguez y por el demandado.

Como testigos del demandado declararon:

Adriano Bourdony: que la demandante doña Carmen López Cepero le encomendó le buscara comprador para la

finca, o sea las casas y solar; que él entonces fijó los siguientes precios: casa pequeña núm. 9, calle Robles, con solar, $1,100; casa grande vieja, núm. 2 Brumbaugh, con solar, $2,200; y casa pequeña, núm. 4, calle Brumbaugh, con su solar, $1,200; que esa valoración fué aceptada por doña Carmen, quien manifestó que ella quería vender las casas y el solar; que Rafael López Cepero le dijo a don Rufino Rodríguez al discutir las condiciones de la venta que él, Rafael, quería sacar la casa de la calle Robles de la totalidad de la finca y coger unos metros del solar de la casa grande, que ya no existe, para anexarlos al solar de la casa de la calle Robles, y que Rodríguez se opuso.

Rufino Rodríguez Domínguez declaró corroborando lo declarado por el testigo Bourdony; que fué Rafael López Cepero quien le ofreció la finca en venta; que en la finca había entonces tres casas; que lo que ellos interesaban era toda la propiedad, las casas y los solares; que les ofreció $4,300 y como no estuvieron conformes él les subió a $4,500, pero doña Carmen no se decidió y él le compró la casa núm. 4 calle Brumbaugh con el solar; que Pérez Hermanos compró el resto de la finca en 1917; que desde esa fecha ha estado en posesión de casas y solar sin que nunca se le molestara y sin pagar canon de arrendamiento por el solar, pues él lo había comprado; que hace como 15 años que no ve a Francisco García y que éste nunca le habló del asunto; que en 1923 él hizo gestiones para que se aclarase su título porque en él no estaba la palabra "solar" y sí las colindancias externas de la finca; y terminó declarando en cuanto al pago de las contribuciones sobre las casas y solares desde 1917 a 1939.

En ninguna de las escrituras presentadas en evidencia se excluye expresamente el solar sobre el cual están edificadas las casas. La corte inferior, teniendo en cuenta que no se había hecho reserva alguna del solar a favor de los vendedores y la conducta observada por las partes contratantes con posterioridad a la celebración de los contratos de com-

praventa, llegó a la conclusión de que la venta de las dos casas incluía la venta del suelo sobre el cual dichas casas estaban edificadas.

Esta Corte Suprema ha sostenido en *Chevremont* v. *Registrador,* 9 D.P.R. 206, "que inscrito un edificio, debe entenderse inscrito el solar a favor del mismo dueño, cuando éste no es un mero superficiario, por la presunción legal de que el que es dueño de lo edificado lo es también del suelo" y "que no hay motivo alguno para que esta doctrina, que venía sancionada por la práctica . . . no continúe aplicándose en todos los casos, siempre que la presunción legal en que se funda, no resulte destruída por una prueba suficiente en contrario."

La jurisprudencia norteamericana sostiene como regla general de interpretación la de que el traspaso o venta de una "casa" o "edificio" lleva consigo el título sobre el suelo en que radica la casa o edificio, en ausencia de algún término o cláusula restrictiva de ese significado. Véanse: *Ansin* v. *Taylor,* (Mass.) 159 N. E. 513; *Tadlock* v. *Mizell,* (N.C.) 142 S. E. 713. En *Broadhurst* v. *Mewborn,* 171 N. C. 400, 402, 88 S. E. 629, se resolvió:

"El legado de una 'casa', cuando se refiere como en este caso a la vivienda del dueño, se ha resuelto que equivale a la palabra 'messuage,' y, en ausencia de algún término o cláusula restrictiva de tal significado, se dice que transfiere también el solar sobre el cual la vivienda está situada, junto con los edificios anexos regularmente usados por el dueño como parte de su residencia."

Véanse también: *State* v. *Board of Education,* 71 W. Va. 52, 76 S. E. 127; *Gidley* v. *Lovenberg,* 35 Tex. Civ. App. 203, 209, 79 S. W. 831, 835; *Gibson* v. *Brockway,* 8 N. H. 465, 31 Am. Dec. 200; nota en 15 L.R.A. 652; 18 C. J. 296.

En el caso de autos, la presunción legal de que al vender las dos casas sin hacer a su favor reserva o limitación alguna en cuanto al solar los demandantes vendieron también el solar en que radican las casas, no ha sido destruída y ni siquiera controvertida por prueba alguna en contrario. La

evidencia, examinada en conjunto, lejos de destruir dicha presunción la ratifica y reafirma. La señora Carmen López Cepero, por sí y en representación de sus hijos, comisiona a un agente para que les consiga un comprador de las casas y solar; y discute y acepta la valoración que de cada una de las casas y del solar de cada una hace dicho agente. En la descripción que de la casa núm. 2 calle Brumbaugh se hizo en la escritura de partición se dice que dicha casa está *enclavada en solar propio;* y al describir la casa núm. 4 de la misma calle se dice que está *fabricada en parte del solar correspondiente a la anterior casa núm. 2.* En el expediente sobre autorización judicial para la venta del condominio de los menores, la madre y tutora de éstos hizo constar que como sobre el propio solar, o sea sobre el solar en que radicaba la casa núm. 2 de la calle Brumbaugh, ella había construído una casa más que ha aumentado el valor de toda la finca, por esa razón se había convenido la compraventa del inmueble en la suma de $3,500. Y cabe aquí preguntar: si lo que iba a venderse, como pretenden los demandantes, era exclusivamente la casa núm. 2, sin el solar, ¿que importancia podía tener para la fijación del precio de venta el hecho de que sobre el propio solar se hubiese construído otra pequeña casa de madera, si ésta no había de ser transferida al comprador como un anexo o pertenencia del solar en que una y otra casas estaban ubicadas? La prueba estableció el hecho de que al discutir el negocio uno de los demandantes trató de excluir esa casa pequeña y parte del solar y que el comprador se negó a ello.

Al inscribir en el Registro la venta por los demandantes a Sucesores de Pérez Hermanos de la casa núm. 2 calle Brumbaugh, se hace referencia a la descripción que aparece en la inscripción 1ª. y en dicha inscripción la finca se describe: "Urbana: Casa con su solar." Y en la inscripción de dicha venta se hizo constar además que en el documento presentado "se dice que también existe en el solar otra casa de madera, cubierta de zinc."

Desde el año 1917 en que se efectuó la venta de las dos casas, según los demandantes, y de las casas y solares según el demandado, hasta agosto 10, 1938, o sea durante un período de 21 años, el demandado ha estado en posesión de las casas y de sus solares en concepto de dueño, sin que su posesión o su título hayan sido atacados por los demandantes. Durante esos 21 años el demandado y su antecesor en título han pagado las contribuciones impuestas a las casas y a sus respectivos solares, sin que en momento alguno durante tan largo período de tiempo los demandantes se cuidasen de pagarlas o de cerciorarse de si alguna otra persona las estaba pagando.

Tomando en consideración todas las circunstancias y hechos apuntados, tenemos que llegar a la conclusión de que la corte sentenciadora no erró en la apreciación que hizo de la prueba, ni tampoco al sostener que los hechos y la conducta subsiguiente de las partes revela claramente que al vender las casas los demandantes vendieron también el suelo en que las mismas estaban enclavadas.

No hubo error en la imposición de costas y honorarios; pero considerando que la suma de $500 para honorarios no está justificada, opinamos que debe reducirse a $300.

*Debe modificarse la sentencia recurrida reduciendo a $300 la suma que los demandantes deberán pagar para honorarios de abogado, y así modificada confirmarse.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. De Jesús no intervinieron.