CAROLINA GONZÁLEZ COFIÑO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1192.—*Sometido:* Diciembre 9, 1946. *Resuelto:* Enero 21, 1947.

*Andrés Mena,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La recurrente Carolina González Cofiño solicitó del Registrador de la Propiedad de Caguas que de acuerdo con el testamento abierto otorgado por Manuel González Suárez inscribiera a favor de la viuda y de sus hijas Blanca Rosa y Carolina los únicos bienes que había dejado el causante y los cuales describió en esta forma:

"URBANA: Casa terrera de maderas y techada de tejas de barro de veinte y una varas de frente por diez y seis varas de fondo fabricados situada en la calle San Sebastián hoy Corchado de Caguas, Puerto Rico en solar que mide veinte y dos y media varas de frente por veinte y siete de fondo, colindante por el Sur con Dolores y José Mas Gelpí, hoy Isabel Pérez y Luisa Esteves Sola; por el Norte con hermanas Ruiz, hoy Rafael López Cabezudo, y hermanas Polo; por el Este con la citada calle Corchado que es su frente y por el Oeste con solar de Salvador Mas, hoy Florentina Jiménez Vda. de Jiménez Cruz . . . ''

El registrador en la nota que es objeto de este recurso hizo constar lo siguiente:

"Inscrito el precedente documento, con vista de otros, en cuanto a una casa terrera de maderas y techada de tejas de barro que mide 21 varas de frente por 11 varas de fondo, en la calle Corchado de Caguas, al folio 196 del tomo 17 de Caguas, finca 867 inscripción 7ª., con el defecto subsanable de no acreditarse quien sea el dueño del solar donde enclava dicha casa."

Solicita la recurrente ordenemos la revocación del defecto subsanable consignado.

Sostiene el recurrido que en ninguna de las inscripciones de que ha sido objeto esta casa se ha hecho constar quién es el dueño del solar y que éste nunca ha sido inscrito.

Debido a que la recurrente en su alegato transcribió parcialmente las inscripciones primera a sexta de que ha sido objeto este inmueble, para mejor proveer solicitamos del recurrido certificación completa de dichas inscripciones.

La primera inscripción, en lo pertinente, dice así:

"1ª. URBANA. Casa terrera, construída de maderas del país y techada con tejas de barro, de veinte y una varas de frente con once de fondo fabricadas, situada en la calle de San Sebastián de esta población. Linda por el Norte, con las señoritas Ruiz, por el Sud, con don Salvador Más y Parés, por el Este, con la citada calle que es su entrada y por el Oeste, que son sus fondos, con un solar de don Salvador Más que da a la calle de Alfonso. Esta finca se encuentra libre de cargas. Su valor es de mil pesos provinciales. Don Salvador Más y Parés viudo, mayor de edad, propietario y vecino de esta población acudió al Juzgado Municipal de esta ciudad solicitando acreditar la posesión en que se encuentra de ésta y otra finca, habiendo adquirido la de este número por haberla fabricado hace más de treinta años en vida de su esposa, en cuya testamentaría se le adjudicó hacen veinte años en pago de bienes propios y gananciales, sin tener de dicha adquisición título alguno inscribible. Admitida la información ofrecida fueron citados los dueños de los predios colindantes que nada expusieron en contra y declararon como testigos don Miguel Puig Auger y don Manuel Jiménez Cruz, ambos mayores de edad, propietarios y de esta vecindad, quienes manifestaron les constaba de ciencia ciertá que don Salvador Más hace el

tiempo expresado viene poseyendo a título de dueño *la finca* de este número, o sea desde hacen veinte años. Comunicado el expediente al Fiscal Municipal éste opinió que en su tramitación se habían guardado las formalidades legales, dictándose en su consecuencia auto de aprobación el diez y ocho de diciembre del pasado año, por el Juez Municipal suplente de esta ciudad don Federico Diez y López, ante su Secretario don Francisco Morales. En su virtud, habiendo examinado el Registro y no encontrando ningún asiento que se oponga a lo relacionado, inscribo *la posesión de la finca* de este número a favor de don Salvador Más y Parés, sin perjuicio de tercero de mejor derecho a su propiedad. . . . '' (Bastardillas nuestras.)

Las siguientes inscripciones, hasta la quinta inclusive, al describir la finca se refieren a la que se hizo constar en la ''inscipción primera'' o ''las anteriores.'' En la sexta es que, por primera vez, surge una descripción diferente en el documento presentado en el que se hace constar que la casa mide ''veinte y una varas y media de frente por diez y seis de fondo, en un solar de veinte y dos y media varas de frente por veinte y siete varas de fondo.'' Empero, en la inscripción se hizo constar lo siguiente:

''. . . En su virtud doña Encarnación Cofiño de González inscribe a su favor la finca de este número en cuanto a veinte y una varas y media de frente por once varas de fondo, que adquiere por título de compra sin condiciones especiales. *No practicándose operación alguna con respecto a la diferencia de cabida que resulta del título con el Registro, por haberlo solicitado así el vendedor don José Más y Gelpí por un escrito de esta fecha. . . . ''* (Bastardillas nuestras.)

De manera que en tanto en cuanto la recurrente al solicitar la inscripción describió el solar como de ''veinte y dos y media varas de frente por veinte y siete de fondo'' no procedía esta inscripción ya que, de acuerdo con la inscripción sexta de la finca se hizo en cuanto a la medida que siempre había tenido de acuerdo con el registro, o sea, ''veinte y una y media varas de frente por once de fondo,'' no practicándose operación alguna con respecto a la diferencia de cabida por haberlo solicitado el propio vendedor en aquella ocasión.

Ahora bien, es cierto que en la inscripción primera no se hace referencia al solar en que está radicada la casa pero creemos que de acuerdo con lo resuelto en los casos de *Chevremont* v. *El Registrador de la Propiedad,* 9 D.P.R. 206, y *Rivera* v. *El Registrador de Caguas,* 26 D.P.R. 746, procedía la inscripción de la casa en su inscripción original sin el defecto subsanable señalado por el registrador recurrido.

En el caso de *Chevremont* se hipotecó una casa con su solar y el registrador inscribió la hipoteca sobre la casa pero denegó la inscripción sobre el solar porque "ni en la inscripción primera de la casa de que se trata, ni en ninguna de las posteriores, se ha hecho mención del solar, no resultando, por consiguiente, inscrito éste a favor de los dueños de la casa, ni de ninguna otra persona. . . . " Al revocar esta nota dijimos a la página 209:

"Considerando que habiendo declarado la Sección de los Registros del Ministerio de Ultramar en su resolución de 16 de mayo de 1896, que inscrito un edificio, debe entenderse inscrito el solar a favor del mismo dueño, cuando éste no es un mero superficiario, por la presunción legal de que el que es dueño de lo edificado lo es también del suelo, no hay motivo alguno para que esta doctrina, que venía sancionada por la práctica, y que ha sido expresamente confirmada por el centro superior de los Registros de la Propiedad, no continúe aplicándose en todos los casos, siempre que la presunción legal en que se funda, no resulte destruída por una prueba suficiente en contrario."

Ratificando esta doctrina en el caso de *Rivera* v. *El Registrador de Caguas,* supra, se dijo a la página 748:

" . . . La confusión del registrador parece que se debe al hecho de que no obstante continuar siendo lo principal en las fincas urbanas el suelo, se prescinde de mencionar éste y se hace referencia siempre a ellas como a la casa número tal o al edificio cual. En la idea de casa o edificio va comprendido generalmente el solar donde se levantan, sin cuya previa existencia la de la casa o del edificio no pueden concebirse."

Por último, en el caso de *Sánchez* v. *Rodríguez,* 57 D.P.R. 73, después de citar el caso de *Chevremont,* supra, y juris-

844

prudencia norteamericana, se resolvió, citando del sumario, que "La venta de una casa lleva consigo el título sobre el suelo en que radica, en ausencia de algún término o cláusula restrictiva de ese significado."

Es de importancia hacer constar que la primera inscripción de esta finca se hizo en enero 19 de 1900 a virtud de expediente posesorio en el que se probó que su dueño venía poseyéndola hacía más de veinte años. A pesar del tiempo transcurrido, en ningún momento se ha presentado en el registro prueba alguna de que tanto el primitivo dueño como los posteriores no lo fueran del solar en que radica la casa.

Los casos de *Ramírez de Isern* v. *El Registrador de Caguas,* 25 D.P.R. 844, y *Durán et al.* v. *El Registrador,* 20 D.P.R. 148, citados por el recurrido no son de aplicación a los hechos del presente ya que en el primero lo que se resolvió fué que estando inscrito un solar a favor del Municipio de Caguas no procedía la inscripción de una casa fabricada en parte de dicho solar hasta tanto se segregara la porción e inscribiera como finca independiente del Municipio para luego inscribir el usufructo del mismo y la casa a favor del recurrente; y en el segundo, que no siendo inscribible un solar tampoco cabe inscribir la casa construída sobre el mismo.

*Debe revocarse la nota en cuanto se refiere al defecto subsanable señalado por el registrador.*