VICENTE R. RODRÍGUEZ, recurrente, *v*. EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1231.—*Sometido:* Abril 2, 1948.   *Resuelto:* Abril 26, 1948.

*Andrés Mena Latorre,* abogado del recurrente; *Miguel García González,* Fiscal del Distrito, Registrador en Comisión, compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Por escritura otorgada en Caguas, Puerto Rico, el día 29 de septiembre de 1947, el recurrente Vicente R. Rodríguez y su esposa vendieron a Teódulo Llamas Muñiz un solar de 22½ varas de frente por 27 varas de fondo, siendo la cabida superficial de dicho solar 486.92 metros cuadrados, según mensura que se dice fué practicada por el ingeniero Lizardi.

Presentada dicha escritura, acompañada de un plano del solar, el Registrador la inscribió poniendo al pie del documento la siguiente nota:

"Inscrito el precedente documento, con vista de otros, sólo en cuanto a tres cuartas partes indivisas del solar que es lo que tiene inscrito a su favor los vendedores, y sólo en cuanto a la cabida que

resulta del Registro, o sea, veintiuna y media varas de frente por once varas de fondo; y denegada la inscripción en cuanto al exceso de la cabida del solar por no aparecer inscrito a favor de los vendedores ni de ninguna otra persona, tomándose en su lugar en cuanto a la parte denegada, anotación preventiva por 120 días a favor del comprador Teódulo Llamas Muñiz, al folio 178 vto. del tomo 232 de Caguas, finca 867, inscripción 12a. Caguas, a 3 de diciembre de 1947.''

En apoyo de su solicitud para que la nota recurrida sea revocada, alega el recurrente que al indicarle el Registrador a su abogado que en el plano presentado no aparecía la notificación a los colindantes del solar, el abogado retiró los documentos y los volvió a presentar con el certificado del ingeniero en que se hace constar la notificación a los colindantes. Alega, además, que al dictar su nota, el Registrador no tuvo en cuenta que por escritura núm. 302 de 21 de junio de 1946, inscrita en el Registro de la Propiedad al folio 195 del Tomo 17 de Caguas, finca núm. 867, inscripción 11ª, el recurrente y su esposa adquirieron por compra a Carolina González Cofiño una ''casa terrera de madera y techada de tejas de barro de 21 varas de frente por 16 varas de fondo fabricadas situada en la calle San Sebastián, hoy Corchado de Caguas, Puerto Rico, en solar que mide 22½ varas de frente por 27 de fondo, colindante por el Sur con Dolores y José Mas Gelpí, hoy Isabel Pérez y Luisa Esteves Solá; por el Norte con Hermanas Ruiz, hoy Rafael López Cabezudo y Hermanas Polo, por el Este con la citada Calle de Corchado, que es su frente y por el Oeste con solar de Salvador Mas, hoy Florentina Jiménez, viuda de Jiménez Cruz.'' Dicha escritura número 302, alega el recurrente, fué inscrita en cuanto a la casa y solar a favor de los esposos adquirentes sin defecto ni objeción alguna.

Sostiene el recurrente: (1.) que habiéndose inscrito la casa y solar, a su favor, sin defecto alguno, esa inscripción surte todos sus efectos legales en cuanto al solar reducido a 410.08 metros cuadrados, de acuerdo con lo resuelto por

este Tribunal en *Carolina González Cofiño* v. *Registrador de Caguas*, 66 D.P.R. 840; y (2) que el exceso de 76.84 metros cuadrados, o sea la diferencia entre la cabida que aparece del Registro y la que resulta del plano de mensura, es inscribible de conformidad con lo resuelto en el caso de *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506.

El Registrador recurrido nos presenta en su alegato una relación de las constancias del registro en cuanto a la finca en controversia. De la inscripción primera aparece que don Salvador Mas solicitó acreditar la posesión en que se encontraba de esa finca por haberla fabricado hacía más de treinta años, en vida de su esposa, y haberle sido adjudicada en pago de sus gananciales, sin tener título inscribible. La casa se describe como de 21 varas de frente por 11 de fondo. En la inscripción sexta se hizo constar, que según el documento presentado la casa mide 21½ varas de frente por 16 varas de fondo, "en un solar de veinte y dos y media varas de frente por veinte y siete varas de fondo." De acuerdo con esta inscripción, doña Encarnación Cofiño de González adquirió la casa de su dueño anterior José Mas y Gelpí. Se inscribió la casa únicamente en cuanto a 21½ varas de frente por 11 varas de fondo, "no practicándose operación alguna con respecto a la diferencia de cabida que resulta del título con el Registro, por haberlo solicitado así el vendedor don José Mas y Gelpí, por escrito de fecha 22 de febrero de 1910." La inscripción séptima fué practicada de acuerdo con lo ordenado por este Tribunal en el recurso número 1192, *Carolina González Cofiño* v. *Registrador*, supra.

Hagamos un resumen de lo resuelto en el citado recurso. La allí recurrente solicitó del Registrador que de acuerdo con el testamento de su difunto esposo inscribiera a favor de la viuda e hijas una "casa terrera . . . de veinte y una varas de frente por diez y seis varas de fondo . . . en solar que mide veinte y dos y media varas de frente por veinte y siete de fondo, colindante etc." El Registrador practicó

la inscripción (7ª) "en cuanto a una casa terrera de made-ras . . . que mide 21 varas de frente por 11 varas de fondo . . . con el defecto subsanable de no acreditarse quién sea el dueño del solar donde enclava dicha casa." Alegó el Registrador que en ninguna de las inscripciones anteriores se había hecho constar quién era dueño del solar y que éste nunca había sido inscrito. De acuerdo con la certificación presentada por el Registrador, en las primeras cinco inscripciones se hizo constar que se había inscrito *la posesión de la finca,* describiéndola como "casa terrera, construída de maderas, del país y techada con tejas de barro, de veinte y una varas de frente con once de fondo fabricadas." Fué en la sexta inscripción que, por primera vez, surgió una descripción diferente, al hacerse constar en el documento presentado que la casa mide "veinte y una varas y media de frente por diez y seis de fondo, en un solar de veinte y dos y media varas de frente por veinte y siete varas de fondo." La inscripción se practicó solamente en cuanto a la medida que ya constaba en el Registro, o sea, 21½ varas de frente por 11 de fondo. No se hizo operación alguna en cuanto a la diferencia por haberlo pedido el vendedor.

Resolvimos que aun cuando era cierto que en la inscripción primera no se hizo referencia al solar en que está radicada la casa, de acuerdo con lo resuelto en los casos de *Chevremont* v. *Registrador,* 9 D.P.R. 206 y *Rivera* v. *Registrador,* 26 D.P.R. 746, procedía la inscripción sin el defecto subsanable señalado en la nota del Registrador. En los casos citados se resolvió que "inscrito un edificio, debe entenderse inscrito el solar a favor del mismo dueño, cuando éste no es un mero superficiario, por la presunción legal de que el que es dueño de lo edificado lo es también del suelo . . . siempre que la presunción legal . . . no resulte destruída por una prueba suficiente en contrario"; y que "en la idea de casa o edificio va comprendido generalmente el solar donde se levantan, sin cuya pre-

via existencia la de la casa o del edificio no pueden conce-
birse." Y en *Sánchez* v. *Rodríguez*, 57 D.P.R. 73, resol-
vimos, citando del sumario, que "La venta de una casa lleva
consigo el título sobre el suelo en que radica, en ausencia
de algún término o cláusula restrictiva de ese significado."

Eliminado el defecto consignado por el Registrador, "de
no acreditarse quien sea el dueño del solar en que enclava
dicha casa", la inscripción 7ª, folio 196 del Tomo 17 de Ca-
guas, quedó en vigor solamente "en cuanto a una casa te-
rrera de maderas y techada de tejas de barro que mide 21
varas de frente por 11 varas de fondo." Es cierto que la
Srta. González Cofiño solicitó que se inscribiera la casa con
las nuevas dimensiones dadas por ella en su solicitud, o sea,
"21 varas de frente por 16 de fondo" y situada en un "so-
lar que mide 22½ varas de frente por 27 de fondo." Em-
pero, el Registrador inscribió la casa con las dimensiones
que aparecían de las inscripciones anteriores y nada dijo
en cuanto a las dimensiones del solar por no aparecer cons-
tancia de ellas en el Registro. La Srta. González Cofiño
pudo haber recurrido contra la negativa del Registrador,
pero no lo hizo, limitando su recurso a lo que ya hemos ex-
puesto. Resulta, pues, que de acuerdo con el Registro y lo
resuelto en *González* v. *Registrador,* supra, la Srta. Gonzá-
lez Cofiño era, en 21 de junio de 1946, fecha en que se otorgó
la escritura de venta a favor del recurrente, dueña de tres
cuartas partes de una casa de 21½ varas de frente por 11
varas de fondo y del solar de iguales dimensiones en el cual
está enclavada la casa.

Por lo que ya hemos expuesto, se verá que el solar ad-
quirido por el recurrente por compra a la Srta. González
Cofiño tiene una cabida de 236.50 varas cuadradas. La di-
ferencia entre esa cabida que aparece del Registro y la de
486.92 metros cuadrados que resulta del plano presentado
por el recurrente, asciende a más de 250 metros cuadra-

dos, que es un área superficial mayor que la que aparece inscrita en el Registro a favor de la vendedora Srta. González Cofiño y del recurrente.

Sostiene el Registrador que para poderse inscribir el exceso entre la cabida original y la resultante de la mensura, tal exceso debe justificarse de acuerdo con lo dispuesto en el artículo 390 de la Ley Hipotecaria. Tiene razón el Registrador. No se trata aquí de la inscripción de un exceso de escasa importancia en relación con la cabida ya inscrita en el Registro. La diferencia de cabida que se trata de rectificar e inscribir es mayor que la cabida que aparece inscrita. Este Tribunal ha resuelto repetidas veces[1] que cuando la diferencia de cabida entre la expresada en el título y la que resulta del Registro no alcanza al 20 por ciento de la cabida inscrita, dicha diferencia puede ser inscrita sin necesidad de recurrir a un expediente de dominio o posesorio, bastando para ello con practicar una mensura con citación de los dueños colindantes y acreditar tanto la mensura como la citación, acompañando al título una certificación del agrimensor a ese efecto.

*La nota recurrida debe ser confirmada.*

---

[1]*Muriente* v. *Registrador*, 47 D.P.R. 246; *Pellón* v. *Registrador*, 53 D.P.R. 526; *Encarnación Aboy* v. *Registrador*, 52 D.P.R. 150; *Estrada* v. *Registrador*, 65 D.P.R. 965; *Autoridad de Tierras* v. *Registrador*, 65 D.P.R. 513; *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506; y *Pérez* v. *Registrador*, 67 D.P.R. 966.